## UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No.   2020CV

Reed K. McDonald

        **Plaintiff,**

v.

Citibank N.A.
Shana Kloek in her individual and professional capacity as
Clerk of Court for Arapahoe County, Colorado,

        **Defendant.**

RECEIVED
SDNY PRO SE OFFICE
2021 JAN 13  AM 11: 30

---

### COMPLAINT WITH JURY DEMAND

---

Plaintiff, Reed Kirk McDonald (McDonald) as pro se counsel and Private Attorney General for similarly situated individuals, provides the following for his Complaint against Citibank N.A. (Citibank) and Shana Kloek, (Kloek) in both her individual capacity and professional capacity as Clerk of Court for Arapahoe County, Colorado; Plaintiff states as follows:

### I.      INTRODUCTION

1

1.    This case has come full circle before the Supreme Court of the United States during 2019; that court took no action during 2020. Thus, Plaintiff seeks relief for the violation of his rights secured under; 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth (4th), Fifth (5th) and Fourteenth (14th) Amendments to the United States Constitution. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees and such other and further relief as the Court deems just and proper.

2.    This action arises after an unlawful Forcible Entry and Detainer (FED) act by Kloek and Citibank, resulting in a 42 U.S.C. §§ 1983-1985-1986 action by Plaintiff. Citibank and Kloek, colluded in violating Plaintiff's rights held under the 4th, 5th and 14th Amendments of the United States Constitution and for violating Plaintiff's rights secured under the following Congressional/federal laws; Truth in Lending Act (TILA); Real Estate Settlement Procedures Act (RESPA); and Fair Debt Collection Practices Act (FDCPA); and Wall Street Reform and Consumer Protection Act (Dodd-Frank); Tax Reform Act of 1986.

3.    Plaintiff has sustained in excess of one million dollars in damages from Citibank's and Kloek's unlawful actions.

4.    The facts of the case are undisputed; Citibank and Kloek colluded against Plaintiff while Citibank's subject FED action was on appeal and stayed pursuant to the rule of law; See, Colorado Revised Statute § 13-40-117(2) C.R.S. (2017). Pursuant to § 117(2) a FED action on appeal, mandates, lower court is without jurisdiction while case on appeal.

5.      Citibank filed secret *ex parte* Forcible Ejection motion to the lower-court who was without jurisdiction where Kloek worked as the clerk of court while the subject FED case on appeal.

6.      Within minutes of Citibank's filing its secret and concealed *ex parte* motion for Forceable Ejection filed in the lower-court without jurisdiction, Kloek, a clerk of that state court, not a judge published a writ for Forcible Ejection of Plaintiff from his home of thirty years (30) years.

7.      Thereafter, neither Citibank or Kloek notified Plaintiff of the secretly issued writ for Forcible Ejection of Plaintiff.  A clerk of court is without authority to act as a duly elected judge granting Forcible Ejection. Moreover, a court of theses United States is not allowed to conceal lawful or unlawful commands for Forcible Ejection from an ejectee; a due process violation.

8.      Plaintiff completely unaware of Citibank's secret *ex parte* motion and Kloek's fixing of said Forcible Ejection within minutes of reception, was never notified of by either party of the fixed Forcible Ejection notice; a due process violation. The 4th, 5th and 14th Amendments of the United States Constitution, which are guarantees in every civil action "due process of law" when taking of "life, liberty or property."

9.      Moreover, the 14th Amendment guarantees "equal protection of the laws" in states of theses United States which can be enforced by Plaintiff against Kloek and Citibank for their secret unlawful Forceable Ejection while the subject FED case on appeal and for their violations of McDonald's civil rights. See *Lugar v. Edmondson Oil Co.*, 457 U.DS. 922 (1982).

10.     The Supreme Court of the United States in *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), held Section 42 U.S.C. § 1983 (1988) must be "read against the background ... that makes a [person] responsible for the natural consequences of his [or her] actions." [W]e concluded that the intentional misconduct of county officials causing the destruction of private property is a species of tort within the reach of § 1983 and we hold that government officials may be held personally accountable for their unauthorized and deliberate misbehavior under that Congressional enactment."

11.     Moreover, the Supreme Court of the United States adjudged in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) a local government is a "person" that can be sued for monetary accountability for unconstitutional acts. The Colorado Supreme Court in *Adams v. Hibbard*, 918 P.2d 212 (1996) upheld the Supreme Court's decision in *Monroe*.

## II.     VENUE & JURISDICTION

12.     Venue is proper in this judicial district as Citibank N.A. is a New York National Bank based Corporation. Furthermore, Citibank's corporate headquarters is located 460 Park Avenue, New York, New York.

13.     28 U.S.C. § 1331 authorizes this Court's jurisdiction because presented for determination before this Court is a Constitutional question and question of federal law. Furthermore, McDonald claims of damages exceeds $75,000.00

14.     Citibank's alleged purchase contract regarding McDonald's mortgage loan is governed under New York Law. Citibank N.A., claims it purchased McDonald's mortgage on April 6, 2012 for a New York real estate trust that closed forever on January 2, 2002.

4

15.     Colorado is a non-judicial foreclosure state. Thus, its courts and judges refuse to uphold and enforce Congressional/federal law and the Constitution in foreclosure actions leading to unlawful foreclosures. Specifically, Colorado courts refuse to uphold and enforce the following congressional/federal laws passed protecting a mortgage borrower; Truth in Lending Act; Real Estate Settlement Procedures Act; Wall Street Reform and Consumer Protection Act; Federal Fair Debt Collection Practices Act; Tax Reform Act of 1996. In addition, Colorado court's refuse to enforce New York contracts governing mortgage law.

### III.     THE PARTIES

16.     Reed McDonald is a resident of Colorado, Arapahoe County where his principal place of business and residence was 6214 South Datura Street, Littleton, Colorado, 80120. Currently, McDonald resides at 4059 West. Hillside Pl., Littleton, Colorado 80123.

17.     Citibank National Bank is financial institution based in New York City; located 460 Park Avenue, New York, New York.

18.     Shana Kloek, in both her personal and official capacity is the Clerk of Court for Arapahoe County, Colorado whose place of business address is 7325 S. Potomac Street, Englewood, Colorado 80112.

### IV.     IRREFUTABLE FACTUAL ALLEGATIONS

19.     **Fact**: On January 5, 2017 at 11:27 a.m., while the subject Citibank's FED action was on appeal and stayed as a matter of Colorado law, Arapahoe County Clerk of Court, Kloek invited, and accepted Citibank's secret *ex parte* motion for Forcible Ejection of McDonald. Kloek fixing a writ of ejection in violation of the United States Constitution, Colorado Supreme Court Black Letter Rules, 121(c), 121 § 1-15(8); 121 § 1-15(1)(b), Colorado Rules of Civil

Procedure (C.R.C.P) (2017) and Colorado law, §§ 13-40-117(2), 13-40-119, 13-40-112 Colorado

Revised Statute (C.R.S.) (2017).

20.     **Fact:** Kloek having issued the writ of Forcible Ejection without due process on

January 5, 2017, then concealed that writ of Forcible Ejection from McDonald. A clerk of court

of any and all courts is without jurisdiction and or authority to stand as a duly elected district

court judge deciding issues under the rule of law.

21.     **Fact:** On January 5, 2017 at 11:27 a.m., Citibank filed a secret and concealed *ex*

*parte* motion for "Forcible Ejection" of McDonald, without conferring as required by law with

McDonald the *pro se* party. At the time of Citibank's filing for Forcible Ejection in the lower-

court, that court was without jurisdiction. Citibank's secret and concealed *ex parte* Forcible

Ejection motion was filed while the FED action on appeal and stayed as a matter of Colorado

law, because the subject FED was before the Colorado Court of Appeals; see C.R.S. § 13-40-

117(2).

22.     **Fact:** Instead of processing and delivering Citibank's secret *ex parte* motion to

the appointed Arapahoe County Judge, Charles M. Pratt. Arapahoe County Clerk of Court,

Kloek at 1:06 P.M. on January 5, 2017 issued writ of ejection herself, just (99) minutes after

Citibank's secret and concealed motion was filed in Arapahoe County district court without

McDonald's knowledge and or without notice; Judge Pratt was later removed from office for

violating McDonald's civil rights and state law.

23.     **Fact:** Kloek and Citibank then concealed their secret Forcible Ejection writ from

McDonald. Thus, Kloek and Citibank violated McDonald's guarantees secured under the 4th, 5th

and 14th Amendments of the Constitution and the rule of law.

6

24.     **Fact:** The people of Colorado pursuant to § 13-40-119 C.R.S. (2017) passed into law Colorado's Rules of Practice, known as the Rules of Civil Procedure (C.R.C.P.). The plain language of the statute requires all courts "shall" obey the rules of civil procedure promulgated by the Colorado Supreme Court as a matter of law:

> C.R.S. § 13-40-119 (2017) Rule of Practice: In all actions brought under any provision of this article in any court, the proceedings **shall** be governed by the rules of practice and the provisions of law concerning civil actions in such court, except as may be otherwise provided in this article.

25.     **Fact:** Kloek having accepted Citibank's secret and concealed motion for Forcible Ejection while the case on appeal violating the Rule of Law. Kloek held no authority or jurisdiction to issue a writ of Forcible Ejection as she is not a duly elected judge. The people of Colorado passed into law, stay of action in the subject case while on appeal; see the following § 13-40-117 C.R.S. (2017):

> § 13-40-117(2) Upon the court's taking such appeal, all further proceedings in the case shall be stayed, and **the appellate court shall thereafter issue all needful writs** and process to carry out any judgment which may be rendered thereon in the appellate court.

26.     **Fact:** Both Citibank and Kloek concealed the fixed and secret Forcible Ejection writ from McDonald. Thereafter, McDonald was forcibly ejected from his home without notice on January 30, 2017. McDonald handed the Forcible Ejection notice, argued the order was unsinged by the sitting judge; its undisputed the writ provided to McDonald was unsigned by a sitting judge. Thereafter, the Sherriff dragged McDonald from his home.

## V.     **COMPLAINT WITH EXHIBITS**

27.     On January 5, 2017 at 11:27 a.m. (**Exhibit 1**) while Citibank's FED action was on appeal and stayed as a matter of the rule of law pursuant § 13-40-117(2) C.R.S. (2017), Citibank

knowingly and willfully in violation of the lower-court's lack of jurisdiction and Rule of Procedure 121 § 1-15(8) C.R.C.P. (2017) filed a secret, concealed *ex-parte* motion for Forcible Ejection of McDonald with the lower-court (Arapahoe County) without jurisdiction who they knew would violate McDonald civil rights and the rule of law.

28.     Clearly absent from Citibank's unlawful motion for Forcible Ejection is requirement under the rule of law that Citibank "shall" confer with *pro se* McDonald prior to engaging in motions practice. See 121 § 1-15(8) C.R.C.P., (2017).

29.     Arapahoe County, Clerk of lower-Court, Shana Kloek ("Kloek") invited, accepted and responded to Citibank's "Secret Motion" for forcible Ejection while the subject FED action was on appeal and stayed as a matter of law, issuing a writ of Forcible Ejection only 99 minutes later on January 5, 2017 at 1:06 p.m. (**Exhibit 2**) without McDonald's knowledge, in violation of McDonald's rights secured under the United States Constitution's 4th, 5th and 14th Amendments, Colorado Supreme Court Black Letter Rules, 121(c), 121 § 1-15(8); 121 § 1-15(1)(b) C.R.C.P (2017), **Exhibit 3** and Colorado law §§ 13-40-117(2), 13-40-119, 13-40-112 C.R.S. (2017), **Exhibit 4**.

30.     Kloek having issued the writ of Forcible Ejection without due process; Citibank and Kloek then concealed that writ of Forcible Ejection from McDonald in violation of his rights secured under the Constitution and its 4th, 5th and 14th Amendments, and the rule of law; these material facts are undisputed by Citibank. The 4th, 5th and 14th Amendments of the United States Constitution provide the following:

# Amendment IV

8

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

## Amendment V

*No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*

## Amendment XIV

## Section 1.

*All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

31.     Thereafter, McDonald on January 30, 2017 was Forcible Ejected from his home of thirty (30) years without notice and without knowledge of the issued Forcible Ejection writ by a court without jurisdiction in violation of the United States Constitution; the rule of law and Colorado's Constitution.

32.     Thereafter, McDonald sustained damages from Citibank's and Kloek's unlawful FED acts in excess of one (1) million dollars. See **Exhibit 5,** a partial list of seized and stolen McDonald assets. The ejection occurring on private farm property, after ejection the subject

property was lock and gated to prevent McDonald's access; ejection took part on property with no street access.

33.     The Supreme Court of the United States has made clear that the 4th Amendment to the Constitution provides that: "***The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,*** *and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*"

34.     In addition, the Supreme Court of the United States has made clear that the 5th Amendment to the Constitution provides: "*No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself,* ***nor be deprived of life, liberty, or property, without due process of law;*** *nor shall private property be taken for public use, without just compensation.*"

35.     The Supreme Court has made clear over and over again, the "Due Process Clause" of the Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law.

36.     The Supreme Court has held the Due Process Clause protects individuals against two types of government action. So-entitled "substantive due process" prevents the government from engaging in conduct that "shocks the conscience," *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952), or interferes with rights "implicit in the concept of

ordered liberty," *Palko v. Connecticut,* 302 U.S. 319, 325-326, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937).

37.     When a government action deprives a person of life, liberty, or property substantive due process is scrutinized, the law must still be implemented in a fair manner. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). This requirement is traditionally referred to as "procedural" due process.

38.     Finally, The Supreme Court has made clear via the 14th amendment that States of these United States lie responsible for deprivation of a person's due process of law.

39.     The Constitution states only one command twice. The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states. These words have as their central promise an assurance that all levels of United States government must operate within the law ("legality") and provide fair procedures.

a. **Lower-Court Without Jurisdiction**

40.     Material to this case is the fact Citibank's FED action was on appeal and stayed as a matter of law. Thus, the lower-court was without jurisdiction. See Colorado law § 13-40-117(2) C.R.S. (2017). §117(2) C.R.S. provides the following:

> *C.R.S. § 13-40-117(2) Upon the court's taking such appeal, all further proceedings in the case shall be stayed, and the appellate court shall thereafter issue all needful writs and process to carry out any judgment which may be rendered thereon in the appellate court.*

41.     In addition, because Citibank's FED action on appeal, Citibank's secret and concealed motion for Forcible Ejection was an unlawful act and an act without jurisdiction, Thus, Kloek personally and Citibank lie responsibility for McDonald's damages. See **Exhibit 5**.

**b.  Citibank's Violation of Law**

42.     Show in **Exhibit 1** is the secret and concealed *ex parte* brief filed by Citibank to Arapahoe clerk of court Kloek on January 5, 2017 at 11:27 a.m. requesting Forcible Ejection of McDonald from his home of thirty years while the subject FED action was on appeal and the lower-court was without jurisdiction.

43.     Missing from Citibank's motion is the requirement under the rule of law that Citibank "shall" confer with opposing counsel, *pro se* McDonald prior to engaging in motions practice. Pursuant to Colorado law §13-40-119 C.R.S. (2017) the people passed into law the rules of practice. §119 provides the following:

> *13-40-119, Rules of practice. In all actions brought under any provision of this article in any court, the proceedings shall be governed by the rules of practice and the provisions of law concerning civil actions in such court, except as may be otherwise provided in this article.*

44.     Citibank was required as a matter of law under the rules of practice, 121 §1-15(8) to confer with McDonald prior to engaging in motions practice (Citibank's secret filing). Rule of Practice 121 §1-15(8) provides the following:

> *Rule of Practice 121 §1-15(8). Duty to Confer. Unless a statute or rule governing the motion provides that it may be filed without notice, moving counsel and any self-represented party shall confer with opposing counsel and any self-represented parties before filing a motion. The requirement of self-represented parties to confer and the requirement to confer with self-represented parties shall not apply to any incarcerated person, or any self-represented party as to whom the requirement is contrary to court order or statute, including, but not limited to, any person as to whom contact would or precipitate a violation of a protection or restraining order. The motion shall, at the beginning, contain a certification that the movant in good faith has conferred with*

*opposing counsel and any self-represented parties about the motion. If the relief sought by the motion has been agreed to by the parties or will not be opposed, the court shall be so advised in the motion. If no conference has occurred, the reason why, including all efforts to confer, shall be stated.*

45.     Thereafter, the sitting judge in the state-case was removed from office for violating State law, his jurisdiction, federal law and McDonald's civil rights.

## VI.     DAMAGES

46.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a.     Violation of his rights pursuit to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and private property;

b.     Violation of his right to Due Process of Law under the Fifth and Fourteenth Amendment to the United States Constitution;

c.     Physical pain and suffering;

d.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

e.     Loss of Liberty;

f.     Loss of property.

## VI.     CONCLUSION

47.     Its irrefutable, Citibank and Kloek colluded against McDonald, violating the rule of law and his civil rights as secured under the 4th, 5th and 14th Amendments of the United States Constitution.

13

48.     While the case on appeal, Citibank filed a secret and *ex parte* motion to a lower-court without jurisdiction because they knew the state-judge and the clerk of court would violate the rule of law in foreclosure actions Forcible Ejecting McDonald whether the foreclosure actions be lawful or unlawful.

49.     Prior to Citibank engaging in motions practice to a lower-court without jurisdiction, Citibank refused to confer with McDonald to conceal their unlawful acts in the state-lower court.

50.     The writ of ejection issued by a clerk of court Kloek just some 99 minutes after Citibank filed its secret and *ex parte* motion for Forcible Ejection without McDonald's knowledge. Thus, McDonald was without any knowledge of Citibank's unlawful motion and was never given a chance to dispute Citibank's unlawful allegations; a sue process violation.

51.     A clerk of any state court is without jurisdiction to hear and decide issues under state-law. Clerk of court Kleok issued writ of ejection without McDonald's knowledge and without McDonald heard on issue. That same clerk of court (Kloek) then concealed her issued writ of Forcible Ejection from McDonald to aid and abet the unlawful acts of Citibank.  A clerk of court holds no authority to issue writs of Forcible Ejection.

52.     Citibank with the aid of the county trespassed and raided McDonald's home of thirty (30) years without a lawful order. They then stole in excess of one million dollars' worth of McDonald's assets.

53.     Eventually, the sitting judge was removed from office was removed from office for violating McDonald's civil rights and Colorado law. No discipline has been administer to clerk of court Kloek.

14

## VII.    ACTIONABLE CLAIMS

### COUNT I
**Violation of McDonald's Rights Secured Under, 4th 5th & 14th Amendments of the United States Constitution Against both Defendants (Constitutional Tort)**

54.     McDonald realleges and incorporates herein by reference all the allegations set forth in paragraphs 1 through 45 of this Complaint.

55.     This is a claim for violation of McDonald's civil rights of due process as outlined in the United States Constitution and its 4th 5th and 14th Amendments; "the taking of property without due process."

56.     As alleged in paragraphs 1-45, the Defendants, Citibank and Kleok under color of law colluded while Citibank's FED case was on appeal, secretly submitting-accepting and issuing a Forcible Ejection writ to the lower-court who was without authority and or jurisdiction.

57.     Defendant Citibank, denied McDonald due process of law by submitting a secret and concealed motion for Forcible Ejection against McDonald on January 5, 2017 at 11.06 a.m. to a lower-court who was without jurisdiction and or authority.

58.     Defendant, Kloek, only a clerk of court denied McDonald due process of law by accepted and issuing a Forcible Ejection order within minutes although she was without authority and or jurisdiction. Thereafter, Kloek refused to notify McDonald of Citibank's secret motion for Forcible Ejection. Kloek, then concealed her issued writ of Forcible Ejection from McDonald; a due process violation of the 4th, 5th and 14th Amendments of the Constitution.

59.     Defendant, Kloek only a clerk of court, was without authority or jurisdiction to ack as a sitting judge issuing a writ of Forcible Ejection, let alone without McDonald's knowledge or McDonald heard on issue.

15

60.     Both Defendants, Citibank and Kloek actively and willfully concealed their unlawful writ of Forcible Ejection from McDonald.

61.     Defendant Citibank and Kloek, acted jointly and in nexus with each other. By virtue of their wrongful conduct alleged here, McDonald was damaged by the taking of his personal assets and his livelihood without due process of law. Of which damages shall be determined at trial by a jury of his peers.

62.     By Defendants Citibank and Kloek acts and their refusal to comply with the rule of law the United States Constitution and for reasons as cited above McDonald has been damaged, and continues to be damaged, in an amount yet to be determined at trial by a jury of his peers.

## COUNT II
### Violation of 42 U.S.C. § 1983
### Against all defendants (Constitutional Tort)

63.     McDonald realleges and incorporates herein by reference all the allegations set forth in paragraphs 1 through 45 of this Complaint.

This is a claim for civil penalties and damages under 42 U.S.C. § 1983.

64.     Defendants Citibank & Kloek, engaged in and whose activities affected and deprived McDonald of his rights secured under United States Constitution for due process and equal protections under law.

65.     Defendants agreed to and did conduct and participate in acts and conduct that violated McDonald's due process rights, and equal protections rights under law, secured by the United States Constitution in state proceedings.

16

66.     Pursuant to and in furtherance of their deprivation of the McDonald's due process rights, and equal protections rights under law, Defendants acted jointly and in nexus depriving McDonald of his rights secured under Constitution. First, Defendants filed a secret motion without conferring to a lower-court without jurisdiction in violation of the rule of law 121 § 1-15(8) C.R.C.P. (2017) without notice (*ex-parte*). Second, Defendant Kloek, although only a clerk of court unlawfully acted as a sitting judge without authority and or jurisdiction issuing a concealed writ for forcible ejection against McDonald, without McDonald's knowledge and or McDonald heard on the issue.  Kloek violating the rule of law therein. § 121(c); and 121 § 1-15(8); and 121 § 1-15(1)(b) C.R.C.P (2017); Kloek as a result violated McDonald's due process rights and equal protections rights under law.

67.     The acts of the Defendants were in violation of the United States Constitution and actionable under federal statutory law, 42 U.S.C. § 1983 and therefore constitute a violation of McDonald's due process rights and equal protection rights under law secured by Constitution.

68.     The Defendants have directly and or indirectly conducted and participated in the conduct that violated McDonald's due process rights and equal protections rights under law which is secured by the United States Constitution.

69.     As a direct and proximate result of the Defendants acts and failure to act, McDonald has been damaged, and continues to be damages in an amount to yet be determined at trial.

**COUNT III**
**Violation of 42 U.S.C. § 1985(2), (3)**
**Against all defendants (Conspiracy)**

70.     McDonald realleges and incorporates herein by reference all the allegations set forth in paragraphs 1 through 45 of this Complaint.

71.     This is a claim for civil penalties and damages under 42 U.S.C.A. § 1985(2), (3).

72.     Defendants engaged in a conspiracy that obstructed justice affecting and depriving McDonald of his rights secured under United States Constitution for due process and equal protections under law.

73.     Defendants agreed to and did conduct and participate in a conspiracy and conduct that obstructed justice violating McDonald's due process rights, and equal protections rights under the rule of law and rights secured under the United States Constitution in all of its proceedings.

74.     Pursuant to and in furtherance of their conspiracy to obstruct and deprive McDonald of his due process rights, and equal protections rights under law, Defendants acted jointly and in nexus depriving McDonald of his rights secured under Constitution. First, the Defendants filed a secret motion without conferring; *ex-parte* in violation of rule of law 121 § 1-15(8) C.R.C.P. (2017). Second, the Defendants without allowing McDonald to be heard on the issue raised by the Defendants *ex-parte* motion, acted as a judge although without authority or jurisdiction prior to the *ex-parte* motion ripe for response, violating therein § 121(c); and 121 § 1-15(8); and 121 § 1-15(1)(b) C.R.C.P. (20107);

75.     Defendants after issuance of unlawful writ of Forcible Ejection then conspired in nexus concealing the unlawful writ of Forcible Ejection from McDonald.

76.     The acts of the Defendants were in violation of the United States Constitution and actionable under federal statutory law, 42 U.S.C. § 1985(2), (3) and therefore constitutes a

violation McDonald's due process rights and equal protection rights under law, secured by Constitution.

77.     The Defendants have directly and or indirectly conducted and participated in the conduct that violated McDonald's due process rights and equal protections rights under law which is secured by the United States Constitution.

78.     As a direct and proximate result of the Defendants acts and failure to act McDonald has been damaged, and continues to be damages in an amount to yet be determined at trial.

**COUNT IV**
**Violation of 42 U.S.C. § 1986**
**Against all defendants (Neglect)**

79.     McDonald realleges and incorporates herein by reference all the allegations set forth in paragraphs 1 through 45 of this Complaint.

80.     This is a claim for civil penalties and damages under 42 U.S.C.A. § 1986.

81.     Defendants who were members of the state court under color of law engaged in a conspiracy that obstructed justice affecting and depriving McDonald of his rights secured under United States Constitution for due process and equal protections under law.

82.     Defendants agreed to and did conduct and participate in a conspiracy and conduct that obstructed justice resulting in violating McDonald's due process rights, and equal protections rights under the rule of law and rights secured under the United States Constitution in all of its proceedings.

83.     Pursuant to and in furtherance of their conspiracy to obstruct and deprive McDonald of his due process rights, and equal protections rights under law, Defendants well

19

aware their acts were unlawful, acted jointly and in nexus depriving McDonald of his rights secured under Constitution. First, Defendants could have prevented McDonald damages as they were members of the state-court and a member of the state bar. Second, the Defendants caused the wrongful acts and as members of the state-court were well aware their conduct would and did result in wrongful neglect.

84.     Defendants after issuance of unlawful writ of Forcible Ejection then conspired in nexus concealing the unlawful writ of Forcible Ejection from McDonald.

85.     The acts of the Defendants were in violation of the United States Constitution and actionable under federal statutory law, 42 U.S.C. § 1986 and therefore constitutes a violation McDonald's due process rights and equal protection rights under law, secured by Constitution resulting in the Defendant's neglect.

86.     The Defendants have directly and or indirectly conducted and participated in the conduct that violated McDonald's due process rights and equal protections rights under law which is secured by the United States Constitution.

87.     As a direct and proximate result of the Defendants acts and failure to act McDonald has been damaged, and continues to be damages in an amount to yet be determined at trial.

## COUNT V
## REQUEST FOR ADDITIONAL PUNITIVE DAMAGES
## AGAINST ALL DEFENDANTS

88.     Plaintiff Reed McDonald reserves the right to amend this complaint after analysis and discovery subject to a request for additional punitive damages pursuant to federal law against

persons in their individual capacitates: See *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follow:

    A.  In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.  Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury

Dated: December 31, 2020

Reed McDonald – pro se
4059 W. Hillside Pl.
Littleton, Colorado 80123
kirkmcdonald56@gmail.com
720-589-3160

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing COMPLAINT was served to DEFENDANTS via USPS REGISTERED MAIL to the office of Arapahoe County District Court, 7325 S. Potomac Street, Englewood, Colorado 80112, place of business of Defendant Shana Kleok and Defendant Citibank N.A. USA, Corporate Headquarters, New York City; located 399 Park Avenue, New York, NY 10043.

**Exhibit 1**

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br><br>Court Address: Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Centennial, CO 80112 | DATE FILED: January 5, 2017 11:27 AM |
| **Plaintiff: CITIBANK, N.A., AS TRUSTEE FOR CHASE FUNDING MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2002-4**<br><br>v.<br><br>**Defendant: REED KIRK MCDONALD** | ▲   **COURT USE ONLY**   ▲ |
| Attorneys for Plaintiff<br><br>Mark C. Willis, #31025<br>Kelly Kilgore, #38097<br>KUTAK ROCK LLP<br>1801 California Street, Suite 3000<br>Denver, CO 80202-2626<br>Telephone: (303) 297-2400<br>Facsimile: (303) 292-7799<br>Email: mark.willis@kutakrock.com<br>        kelly.kilgore@kutakrock.com | Case Number: 2014cv200074<br><br><br><br><br><br>Division:   15          Courtroom: |
| **PLAINTIFF'S REQUEST FOR REISSUANCE OF WRIT OF RESTITUTION PURSUANT TO C.R.S. § 13-40-115** | |

     Plaintiff Citibank, N.A., as Trustee for Chase Funding Mortgage Loan Asset-Backed Certificates, Series 2002-4 ("Citi"), by and through its undersigned counsel, hereby submits the following Request for Reissuance of Writ of Restitution Pursuant to C.R.S. § 13-40-115 and, in support thereof, states as follows:

     1.    On April 17, 2014, this Court entered judgment in favor of Citi and against defendant Reed Kirk McDonald ("McDonald") for possession of the real property commonly known as 6214 South Datura St., Littleton, Colorado 80120 (the "Property") pursuant C.R.S. § 13-40-115 (the "FED Judgment"), which provides in pertinent part, that: "Upon the trial of any action under this article . . . and if the court finds that the defendant has committed an unlawful detainer, the court ***shall*** enter judgment for the plaintiff to have restitution of the premises and ***shall*** issue a writ of restitution." (emphasis added).

1

4816-0427-3984.2

**Exhibit 1**

2.     On October 15, 2015, the Court of Appeals issued its Opinion affirming the FED Judgment.  On December 23, 2015, after McDonald's Petition for Rehearing was denied, the Court of Appeals issued its Mandate affirming the FED Judgment in accordance with its Opinion.

3.     On October 17, 2016, and consistent with the Mandate, this Court issued a Writ of Restitution subject to a 14 day stay of execution "to allow Mr. McDonald the opportunity to seek a further stay from the appellate courts if he wishes to pursue such." McDonald's requests to further stay execution were denied and the Writ expired on December 5, 2016.

4.     Although Citi and its counsel worked with the Arapahoe County Sheriff's Office to coordinate execution on the Writ before its expiration, the Arapahoe County Sheriff's Office was unable to execute on the Writ prior to its expiration on December 5, 2016.

5.     Accordingly, Citi hereby requests that the Court reissue the mandatory attached Writ of Restitution so that Citi may recover possession of the Property.

WHEREFORE, Plaintiff Citibank, N.A., as Trustee for Chase Funding Mortgage Loan Asset-Backed Certificates, Series 2002-4 respectfully requests that the Court reissue the attached Writ of Restitution so that Citi may recover possession of its Property.

Respectfully submitted this 5th day of January, 2017.

KUTAK ROCK LLP

By:    *s/Kelly S. Kilgore*
          Mark C. Willis, No. 31025
          Kelly S. Kilgore, No. 38097

ATTORNEYS FOR PLAINTIFF
CITIBANK, N.A., AS TRUSTEE FOR
CHASE FUNDING MORTGAGE LOAN
ASSET-BACKED CERTIFICATES, SERIES
2002-4

4816-0427-3984.2

# Exhibit 2

24JAN '17 12:18

**ISSUED BY COURT**
**01/05/2017**
DATE FILED: January 5, 2017 1:06 PM
CASE NUMBER: 2014CV200074

*Shana Kloek*

Shana Kloek
Clerk of the Court

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br><br>Court Address: Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Centennial, CO 80112 | |
| **Plaintiff: CITIBANK, N.A., AS TRUSTEE FOR CHASE FUNDING MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2002-4**<br><br>v.<br><br>**Defendant: REED KIRK MCDONALD** | ▲   **COURT USE ONLY**   ▲ |
| | Case Number: 2014cv200074 |
| | Division:   15           Courtroom: |
| **WRIT OF RESTITUTION** | |

To the People of the State of Colorado
To the Sheriff of Arapahoe County

Whereas, **CITIBANK, N.A., AS TRUSTEE FOR CHASE FUNDING MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2002-4**, Plaintiff, obtained a final judgment on April 25, 2014 against **REED KIRK MCDONALD**, Defendant, pursuant to the Colorado Forcible Entry and Detainer statutes, §13-40-101, *et seq.*, C.R.S. ordering possession of the premises located at:

| |
|---|
| Street Address: 6214 South Datura St. |
| City: Littleton           County: Arapahoe |

You are hereby ordered to remove the Defendant and his property from the premises and restore the Plaintiff to the possession of the premises stated above and to make proper return according to law.

This Writ of Restitution shall remain in effect for 49 days after issuance and shall automatically expire thereafter.

☐This Writ of Restitution requires the removal of a mobile home from the premises pursuant to §38-12-208, C.R.S.

Date: _____, 2017.

_____
District Court Judge

4844-6682-4512.1

**Exhibit 3**

# COLORADO RULES OF CIVIL PROCEDURE
## PRACTICE STANDARDS AND LOCAL COURT RULES

### Rule 121. Local Rules -- Statewide Practice Standards

**(a) Repeal of local rules.** All District Court local rules, including local procedures and standing orders having the effect of local rules, enacted before April 1, 1988 are hereby repealed.

**(b) Authority to enact local rules on matters which are strictly local.** Each court by action of a majority of its judges may from time to time propose local rules and amendments of local rules not inconsistent with the Colorado Rules of Civil Procedure or Practice Standards set forth in C.R.C.P. 121(c), nor inconsistent with any directive of the Supreme Court. A proposed rule or amendment shall not be effective until approved by the Supreme Court. No local procedure shall be effective unless adopted as a local rule in accordance with this Section (b) of C.R.C.P. 121. To obtain approval, three copies of any proposed local rule or amendment of a local rule shall be submitted to the Supreme Court through the office of the State Court Administrator. Reasonable uniformity of local rules is required. Numbering and format of any proposed local rule or amendment of a local rule shall be as prescribed by the Supreme Court. The Supreme Court's approval of a local rule or local procedure shall not preclude review of that rule or procedure under the law of circumstances of a particular case.

**(c) Matters of statewide concern.** The Colorado Rules of Civil Procedure and the following rule subject areas called "Practice Standards" are declared to be of statewide concern and shall preempt and control in their form and content over any differing local rule:

### Local Rules -- Statewide Practice Standards Section 1-15

### DETERMINATION OF MOTIONS

**1. Briefs; When Required; Time for Serving and Filing -- Length.** (a) Except motions during trial or where the court deems an oral motion to be appropriate, any motions involving a contested issue of law shall be supported by a recitation of legal authority incorporated into the motion except for a motion pursuant to C.R.C.P. 56. Motions or briefs in excess of 10 pages in length, exclusive of tables and appendices, are discouraged. Except for electronic filings made pursuant to Section 1-26 of this Rule, the original and one copy of all motions and briefs shall be filed with the court, and a copy served as required by law.

(b) The responding party shall have 21 days after the filing of the motion or such lesser or greater time as the court may allow in which to file a responsive brief. If a motion is filed 42 days or less before the trial date, the responding party shall have 14 days after the filing of the motion or such lesser or greater time as the court may allow in which to file a responsive brief.

(c) Except for a motion pursuant to C.R.C.P. 56, the moving party shall have 7 days after the filing of the responsive brief or such greater or lesser time as the court may allow to file a reply brief. For a motion pursuant to C.R.C.P. 56, the moving party shall have 14 days after the filing of the responsive brief or such greater or lesser time as the court may allow to file a reply brief.

**Exhibit 3**

**2. Affidavits.** If facts not appearing of record may be considered in disposition of the motion, the parties may file affidavits with the motion or within the time specified for filing the party's brief in this section 1-15, Rules 6, 56 or 59, C.R.C.P., or as otherwise ordered by the court. Copies of such affidavits and any documentary evidence used in connection with the motion shall be served on all other parties.

**3. Effect of Failure to File Legal Authority.** If the moving party fails to incorporate legal authority into the motion or fails to file a brief with a C.R.C.P. 56 motion, the court may deem the motion abandoned and may enter an order denying the motion. Failure of a responding party to file a responsive brief may be considered a confession of the motion.

**4. Motions to be Determined on Briefs, When Oral Argument is Allowed; Motions Requiring Immediate Attention.** If possible, motions shall be determined promptly upon the written motion and briefs submitted. However, the court may order oral argument or an evidentiary hearing, or if the request for oral argument or an evidentiary hearing is requested in a motion, or any brief, oral argument may be allowed by the court at its discretion. Any motion requiring immediate disposition shall be called to the attention of the courtroom clerk by the party filing such motion.

**5. Notification of Court's Ruling; Setting of Argument or Hearing When Ordered.** Whenever the court enters an order denying or granting a motion without a hearing, all parties shall be forthwith notified by the court of such order. If the court desires or authorizes oral argument or an evidentiary hearing, all parties shall be so notified by the court. After notification, it shall be the responsibility of the moving party to have the motion set for oral argument or hearing. A notice to set oral argument or hearing shall be filed in accordance with Practice Standard 1-6 within 7 days of notification that oral argument or hearing is required or authorized.

**6. Effect of Failure to Appear at Oral Argument or Hearing.** If any of the parties fails to appear at an oral argument or hearing, without prior showing of good cause for non-appearance, the court may proceed to hear and rule on the motion.

**7. Sanctions.** If a frivolous motion is filed or if frivolous opposition to a motion is interposed, the court may assess reasonable attorney's fees against the party or attorney filing such motion or interposing such opposition.

**8. Duty to Confer.** Unless a statute or rule governing the motion provides that it may be filed without notice, moving counsel shall confer with opposing counsel before filing a motion. The motion shall, at the beginning, contain a certification that the movant in good faith has conferred with opposing counsel about the motion. If the relief sought by the motion has been agreed to by the parties or will not be opposed, the court shall be so advised in the motion. If no conference has occurred, the reason why shall be stated.

**9. Unopposed Motions.** All unopposed motions shall be so designated in the title of the motion.

**10. Proposed Order.** Except for orders containing signatures of the parties or attorneys as required by statute or rule, each motion shall be accompanied by a proposed order submitted in editable format. The proposed order complies with this provision if it states that the requested relief be granted or denied.

**Exhibit 3**

## COMMITTEE COMMENT

This Practice Standard was necessary because of lack of uniformity among the districts concerning how motions were to be made, set and determined. The Practice Standard recognizes that oral argument and hearings are not necessary in all cases, and encourages disposition of motions upon written submissions. The standard also sets forth the uniform requirements concerning filing of legal authority, filing of matters not already of record necessary to determination of motions, and the manner of setting an oral argument if argument is permitted. The practice standard is broad enough to include all motions, including venue motions. Some motions will not require extended legal analysis or affidavits. Obviously, if the basis for a motion is simple and routine, the citation of authorities can be correspondingly simple. Motions or briefs in excess of 10 pages are discouraged.

This standard specifies contemporaneous recitation of legal authority either in the motion itself for all motions except those under C.R.C.P. Rule 56. Moving counsel should confer with opposing counsel before filing a motion to attempt to work out the difference prompting the motion. Every motion must, at the beginning, contain a certification that the movant, in good faith, has conferred with opposing counsel about the motion. If there has been no conference, the reason why must be stated. To assist the court, if the relief sought by the motion has been agreed to or will not be opposed, the court is to be so advised in the motion.

Paragraph 4 of the standard contains an important feature. Any matter requiring immediate action should be called to the attention of the courtroom clerk by the party filing a motion for forthwith disposition. Calling the urgency of a matter to the attention of the court is a responsibility of the parties. The court should permit a forthwith determination.

**Exhibit 4**

# FORCIBLE ENTRY AND DETAINER -
# GENERAL PROVISIONS

**Law reviews:** For article, "Residential Tenancies, Lease to Eviction An Overview of Colorado Law", see 43 Colo. Law. 55 (May 2014).

Section
13-40-101. Forcible entry and detainer defined.
13-40-102. Forcible entry prohibited.
13-40-103. Forcible detention prohibited.
13-40-104. Unlawful detention defined.
13-40-105. Crops of possessor.
13-40-106. Written demand.
13-40-107. Notice to quit.
13-40-107.5. Termination of tenancy for substantial violation - definition - legislative declaration.
13-40-108. Service of notice to quit.
13-40-109. Jurisdiction of courts.
13-40-110. Action - how commenced.
13-40-111. Issuance and return of summons.
13-40-112. Service.
13-40-113. Answer of defendant - additional and amended pleadings.
13-40-114. Delay in trial - undertaking.
13-40-115. Judgment - writ of restitution.
13-40-116. Dismissal.
13-40-117. Appeals.
13-40-118. Deposit of rent.
13-40-119. Rules of practice.
13-40-120. Appellate review.
13-40-121. When deposit of rent is paid.
13-40-122. Writ of restitution after judgment.
13-40-123. Damages.
13-40-124. Qualified farm owner-tenant defined. (Repealed)
13-40-125. Rights of qualified farm owner-tenant. (Repealed)
13-40-125.5. Possession pursuant to agreement - enforcement. (Repealed)
13-40-126. Priority of proceedings. (Repealed)

**13-40-101. Forcible entry and detainer defined.**

(1) If any person enters upon or into any lands, tenements, mining claims, or other possessions with force or strong hand or multitude of people, whether any person is actually upon or in the same at the time of such entry, or if any person by threats of violence or injury to the party in possession or by such words or actions as have a natural tendency to excite fear or apprehension of danger gains possession of any lands, tenements, mining claims, or other possessions and detains and holds the same, such person so offending is guilty of a forcible entry and detainer within the meaning of this article.

## Exhibit 4

(2) If any person enters peaceably upon any lands, tenements, mining claims, or other possessions, whether any person is actually in or upon the same at the time of·such entry and by force turns the party in possession out or, by threats or by words or actions which have a natural tendency to excite fear or apprehension of danger, frightens the party ·out of possession and detains and holds the same, such person so offending is guilty of a forcible detainer within the meaning of this article.

(3) If any person enters upon or into any lands, tenements, mining claims, or other possessions by force or by threats of violence, or words or actions which have a natural tendency to excite fear or apprehension of danger, and intimidates the party entitled to possession from returning upon or possessing the same, such person so offending is guilty of a forcible entry within the meaning of this article.

**Source: L. 1887:** p. 271, 2. **R.S. 08:** 2600. **C.L.** 6366. **CSA:** C. 70, 1. **CRS 53:** 58-1-1. **C.R.S. 1963:** 58-1-1.

### ANNOTATION

**Analysis**
I. General Consideration.
II. Necessary Elements.

### I. GENERAL CONSIDERATION.

**Law reviews.** For article, "A Lawyers' Guide to OPA", see 20 Dicta 195 (1943). For article, "Enforcement of Security Interests in Colorado", see 25 Rocky Mt. L. Rev. 1 (1952). For article, "One Year Review of Property", see 37 Dicta 89 (1960). For note, "Holdover Tenants in Colorado", see 34 Rocky Mt. L. Rev. 320 (1962). For article, "The Rights of Landlords in Tenants' Personal Property", see 57 Den. L.J. 685 (1980). For article, "Remedies of a Landlord Following DeFault by a Tenant", see 11 Colo. Law. 2588 (1982). For article, "Representation of the Landlord in an Unlawful Detainer Action", see 12 Colo. Law. 69 (1983). For comment, "Francam v. Fail: Waiver of Statutory Notice Under Colorado's Forcible Entry and Detainer Statute", see 55 U. Colo. L. Rev. 125 (1983). For article, "Self-Help for Commercial Landlords", see 19 Colo. Law. 479 (1990). For article, "Enforcement of Leases Through Unlawful Detainer Actions", see 20 Colo. Law. 251 (1991). For article, "Forcible Entry and Detainer: A Primer", see 29 Colo. Law. 89 (October 2000).

**Constitutionality.** The forcible entry and detainer statute, as applied, neither deprives the tenant of property without due process of law nor violates his right to equal protection of the laws. Hurricane v. Kanover, Ltd., 651 P.2d 1218 (Colo. 1982).

**Doctrine of retaliatory eviction not applicable.** Where a landlord sought to evict a tenant in retaliation for the tenant's claim of water damage to her apartment, the case did not involve retaliation for reporting a housing code violation to a governmental authority and does not create a case for applying the retaliatory eviction doctrine, if this doctrine is even available in Colorado. W.W.G. Corp. v. Hughes, 960 P.2d 720 (Colo. App. 1998).

**The modern form of the common-law action of ejectment is forcible entry and detainer** as provided in this article. Baumgartner v. Schey, 143 Colo. 373, 353 P.2d 375 (1960).

**Common-law principles govern it.** The nature of the action as one in ejectment has not been changed by statutes abolishing fictions or regulating procedure, not even by those adopting a substitute form of action, and resort must still be had to the common law for the principles which govern it. Baumgartner v. Schey, 143 Colo. 373, 353 P.2d 375 (1960).

**This section is "separate and apart"** from the general provisions relating to procedure before justices of the peace. General Am. Indus., Inc. v. County Court, 136 Colo. 86, 316 P.2d 565 (1957).

# Exhibit 4

**It is sui generis.** The forcible entry and unlawful detainer provision are sui generis. General Am. Indus., Inc. v. County Court, 136 Colo. 86, 316 P.2d 565 (1957).

**When equitable defense is asserted the action acquires an equitable character.** Where an equitable defense is interposed in an action in forcible entry and detainer, the action acquires an equitable character as to the plaintiff, who then becomes entitled to such equitable relief as the facts indicate. White v. Widger, 144 Colo. 566, 358 P.2d 592 (1960).

**Delay in bringing the action may disqualify action.** Where plaintiff had unreasonably delayed exerting his claim in a forcible entry and detainer action until defendant had changed his position, the legal consequence of such delay was disqualification to maintain the action. White v. Widger, 144 Colo. 566, 358 P.2d 592 (1960).

**Trial by jury.** Where the predominant issues to be tried in an action under this section are legal, the defendant is entitled to a trial by jury. Husar v. Larimer County Court, 629 P.2d 1104 (Colo. App. 1981).

**Applied** in People v. Bement, 193 Colo. 435, 567 P.2d 382 (1977); Francam Bldg. Corp. v. Fail, 646 P.2d 345 (Colo. 1982).

## II. NECESSARY ELEMENTS.

**The force contemplated by this section is actual force,** and an entry made with no more force than such as is implied in an ordinary trespass is not within the meaning of the section. Goshen v. People, 22 Colo. 270, 44 P. 503 (1896).

**Evidence of force or appearances tending to inspire just apprehension of violence is essential.** To constitute a cause of action for forcible entry and detainer, it is necessary to keep that force or appearances tending to inspire a just apprehension of violence was used by defendant in obtaining possession. Such requirement is not satisfied by simply showing that the entry was against the will of the possessor. Goad v. Heckler, 19 Colo. App. 479, 76 P. 542 (1904).

Defendant's actions of building a fence to block property access without consulting plaintiffs, using guns in various ways, and posting signs were properly held to have a natural tendency to excite fear and apprehension of danger such that defendants forcibly entered and detained plaintiffs' property. Schuler v. Oldervik, 143 P.3d 1197 (Colo. App. 2006).

**Action lies where possession is maintained with force.** Whether the facts stated in the complaint constitute a forcible entry or not is immaterial, as the action lies where the possession is maintained with force and strong hand, although the entry may have been peaceable. Miller v. Sparks, 4 Colo. 303 (1878).

**It is necessary to show in the complaint that the defendant entered upon the possession of the plaintiff.** Miller v. Sparks, 4 Colo. 303 (1878).

**This need not be expressly averred.** But that which is apparent to the court and appears from a necessary implication out of the record is the same as if it were expressly averred. Miller v. Sparks, 4 Colo. 303 (1878).

**That the complaint alleges a demand of possession, when no demand was necessary, does not affect its sufficiency,** or render it obnoxious to the objection that two causes of action are stated in one and the same count. Miller v. Sparks, 4 Colo. 303 (1878).

**Section gives no right to tenant forcibly evicted by one having better title.** Our forcible entry statute is like that of Richard II, and not that of Henry VI, in that it gives no right of restitution to a tenant forcibly evicted by one having a better title. Rudolph v. Thompson, 66 Colo. 98, 179 P. 151 (1919).

**Color of title is sufficient as against one having no title whatever.** In an action of forcible entry and detainer, it appeared that plaintiff was in possession under a deed from a railroad company which had received a grant of the land; but the patent was withheld pending a question as to the rights of the company. Defendant applied for the land under the homestead act, and was refused, but went on a part of the land, and built a house,

## Exhibit 4

and both parties were living on the land when action was commenced. Held, that plaintiff's color of title entitled him to his action against one having no title whatever. Jenkins v. Tynon, 1 Colo. App. 133, 27 P. 893 (1891).

**Owner of fee may be guilty of forcible entry.** The owner of the fee, as well as a stranger to the title, may be guilty of an unlawful and forcible entry upon premises demised to his own tenant. Farncomb v. Stern, 18 Colo. 279, 32 P. 612 (1893).

**Tenant may complain of entry which destroys his possession.** Forcible entry which disturbs the possession of the tenant can be complained of by the tenant or by a lessee entitled to possession. Mageon v. Alkire, 41 Colo. 338, 92 P. 720 (1907).

**Unless lease retains right of entry.** This article takes away the right that existed at common law to make entry by force, although the right to possession may exist. Yet a license reserved in the lease to make such an entry does not contravene it, and, under such a provision, the landlord may enter and remove a tenant upon condition broken, if he uses no unnecessary force to accomplish his purpose. Goshen v. People, 22 Colo. 270, 44 P. 503 (1896).

**One who is in the lawful possession of premises may defend such possession.** Possessor will not be held liable criminally for the use of force in defending such possession unless the force used was excessive or unnecessary. Goshen v. People, 22 Colo. 270, 44 P. 503 (1896).

**For acts which constitute forcible entry,** see Potts v. Magnes, 17 Colo. 364, 30 P. 58 (1892).

### 13-40-102. Forcible entry prohibited.

No person shall enter into or upon any real property, except in cases where entry is allowed by law, and in such cases not with strong hand or with a multitude of people, but only in a peaceable manner.

**Source: L. 1885:** p. 224, 1. **R.S. 08:** 2601. **C.L.** 6367. **CSA:** C. 70, 2. **CRS 53:** 58-1-2. **C.R.S. 1963:** 58-1-2.

### 13-40-103. Forcible detention prohibited.

No person, having peaceably entered into or upon any real property without right to the possession thereof, shall forcibly hold or detain the same as against the person who has a lawful right to such possession.

**Source: L. 1885:** p. 224, 2. **R.S. 08:** 2602. **C.L.** 6368. **CSA:** C. 70, 3. **CRS 53:** 58-1-3. **C.R.S. 1963:** 58-1-3.

### ANNOTATION

**Applied** in Christensen v. Hoover, 643 P.2d 525 (Colo. 1982).

### 13-40-104. Unlawful detention defined.

(1) Any person is guilty of an unlawful detention of real property in the following cases:

(a) When entry is made, without right or title, into any vacant or unoccupied lands or tenements;

(b) When entry is made, wrongfully, into any public lands, tenements, mining claims, or other possessions which are claimed or held by a person who may have located, entered, or settled upon the

## Exhibit 4

same in conformity with the laws, rules, and regulations of the United States, or of this state, in relation thereto;

(c) When any lessee or tenant at will, or by sufferance, or for any part of a year, or for one or more years, of any real property, including a specific or undivided portion of a building or dwelling, holds over and continues in possession of the demised premises, or any portion thereof, after the expiration of the term for which the same were leased, or after such tenancy, at will or sufferance, has been terminated by either party;

(d) When such tenant or lessee holds over without permission of his landlord after any default in the payment of rent pursuant to the agreement under which he holds, and three days' notice in writing has been duly served upon the tenant or lessee holding over, requiring in the alternative the payment of the rent or the possession of the premises. No such agreement shall contain a waiver by the tenant of the three days' notice requirement of this paragraph (d). It shall not be necessary, in order to work a forfeiture of such agreement, for nonpayment of rent, to make a demand for such rent on the day on which the same becomes due; but a failure to pay such rent upon demand, when made, works a forfeiture.

(d.5) When such tenant or lessee holds over, without the permission of the landlord, contrary to any condition or covenant the violation of which is defined as a substantial violation in section 13-40-107.5, and notice in writing has been duly served upon such tenant or lessee in accordance with section 13-40-107.5;

(e) When such tenant or lessee holds over, without such permission, contrary to any other condition or covenant of the agreement under which such tenant or lessee holds, and three days' notice in writing has been duly served upon such tenant or lessee requiring in the alternative the compliance with such condition or covenant or the delivery of the possession of the premises so held;

(e.5) (I) When a tenant or lessee has previously been served with the notice described in paragraph (e) of this subsection (1) requiring compliance with a condition or covenant of the agreement, and subsequent to that notice holds over, without permission of the tenant or lessee's landlord, contrary to the same condition or covenant.

(II) A tenancy may be terminated at any time pursuant to this paragraph (e.5) on the basis of a subsequent violation. The termination shall be effective three days after service of written notice to quit.

(f) When the property has been duly sold under any power of sale, contained in any mortgage or trust deed that was executed by such person, or any person under whom such person claims by title subsequent to date of the recording of such mortgage or trust deed, and the title under such sale has been duly perfected and the purchaser at such sale, or his or her assigns, has duly demanded the possession thereof;

(g) When the property has been duly sold under the judgment or decree of any court of competent jurisdiction and the party or privies to such judgment or decree, after the expiration of the time of redemption when redemption is allowed by law, refuse or neglect to surrender possession thereof after demand therefor has been duly made by the purchaser at such sale, or his or her assigns;

(h) When an heir or devisee continues in possession of any premises sold and conveyed by any personal representative with authority to sell, after demand therefor is duly made;

## Exhibit 4

(i) When a vendee having obtained possession under an agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof from his vendor, or assigns, after demand therefor is duly made.

(2) and (3) Repealed.

(4) (a) It shall not constitute an unlawful detention of real property as described in paragraph (d.5), (e), or (e.5) of subsection (1) of this section if the tenant or lessee is the victim of domestic violence, as that term is defined in section 18-6-800.3, C.R.S., or of domestic abuse, as that term is defined in section 13-14-101 (2), which domestic violence or domestic abuse was the cause of or resulted in the alleged unlawful detention and which domestic violence or domestic abuse has been documented by the following:

(I) A police report; or

(II) A valid civil or emergency protection order.

(b) A person is not guilty of an unlawful detention of real property pursuant to paragraph (a) of this subsection (4) if the alleged violation of the rental or lease agreement is a result of domestic violence or domestic abuse against the tenant or lessee.

(c) A rental, lease, or other such agreement shall not contain a waiver by the tenant or lessee of the protections provided in this subsection (4).

(d) Nothing in this subsection (4) shall prevent the landlord from seeking judgment for possession against the tenant or lessee of the premises who perpetuated the violence or abuse that was the cause of or resulted in the alleged unlawful detention.

**Source: L. 1885:** p. 224, 3. **R.S. 08:** 2603. **C.L.** 6369. **CSA:** C. 70, 4. **CRS 53:** 58-1-4. **C.R.S. 1963:** 58-1-4. **L. 79:** (1)(h) amended, p. 648, 4, effective July 1. **L. 83:** (1)(d) amended, p. 631, 1, effective July 1. **L. 86:** (1)(c), (1)(f), and (1)(g) amended and (2) added, p. 434, 7, effective April 18. **L. 87:** (1)(e) amended, p. 565, 1, effective March 13; (2)(a)(I), (2)(a)(II), and (2)(b) amended and (3) added, p. 1356, 6, effective July 1. **L. 94:** (1)(d.5) added, p. 1467, 1, effective May 31. **L. 95:** (1)(e) amended and (1)(e.5) added, p. 271, 1, effective July 1. **L. 98:** (1)(c), (1)(f), and (1)(g) amended, p. 819, 15, effective August 5. **L. 2005:** (4) added, p. 401, 1, effective July 1.

**Editor's note:** Subsection (2)(b) provided for the repeal of subsection (2), effective January 31, 1989. (See L. 87, p. 1356.) Subsection (3)(b) provided for the repeal of subsection (3), effective July 1, 1991. (See L. 87, p. 1356.)

## ANNOTATION

**Analysis**
I. General Consideration.
II. Paragraph (b).
III. Paragraph (c).
IV. Paragraph (d).
V. Paragraph (e).
VI. Paragraph (f).

# Exhibit 4

VII. Paragraph (i).
VIII. Subsection (2).

## I. GENERAL CONSIDERATION.

**Law reviews.** For article, "Remedies of a Landlord Following Default by a Tenant", see 11 Colo. Law. 2588 (1982). For article, "Representation of the Landlord in an Unlawful Detainer Action", see 12 Colo. Law. 69 (1983). For comment, "Francam v. Fail: Waiver of Statutory Notice Under Colorado's Forcible Entry and Detainer Statute", see 55 U. Colo. L. Rev. 125 (1983). For article, "A Review of Agricultural Law: Hard Times and Hard Choices", see 15 Colo. Law. 629 (1986). For article, "The Colorado Farm Homestead Protection Act", see 15 Colo. Law. 1642 (1986). For article, "The Agricultural Credit Act of 1987", see 17 Colo. Law. 611 (1988). For article, "An Analysis of the Effect of S.B. 123 on Foreclosures", see 17 Colo. Law. 845 (1988).

**No force is necessary to complete a cause of action in unlawful detention.** Northrup v. Nicklas, 115 Colo. 207, 171 P.2d 417 (1946).

**The only question to be determined in an action for unlawful detainer is the right to possession** of the premises, and no demand for damages or rent can be joined in such action. Tyler v. McKenzie, 43 Colo. 233, 95 P. 943 (1908); Beman v. Rocky Ford Nat'l Bank, 100 Colo. 64, 65 P.2d 708 (1937); Stone v. Lerner, 118 Colo. 455, 195 P.2d 964 (1948).

**Title cannot be tried.** In ordinary actions of forcible entry and detainer, title to the property is not involved and cannot be tried. Kelly v. E. F. Hallack Lumber & Mfg. Co., 22 Colo. 221, 43 P. 1003 (1896); Wise v. Schimmel, 76 Colo. 184, 230 P. 786 (1924).

**Where a determination of the right of possession cannot be had** without a trial of title, the plaintiff must fail. Hamill v. Bank of Clear Creek County, 22 Colo. 384, 45 P. 411 (1896).

**Muniments of title may be put in evidence.** In an action of forcible entry and detainer, title may not be tried, but muniments of plaintiff's title may be put in evidence to show the character of his possession. Jenkins v. Tynon, 1 Colo. App. 133, 27 P. 893 (1891).

**As a bearing on right of possession, title may indirectly be a subject of inquiry.** When the action is for unlawful detention, under subsection (1)(f), equitable defenses may be interposed, and indirectly, but only as bearing on the right of possession, title to the property may be a subject of inquiry. Hamill v. Bank of Clear Creek County, 22 Colo. 384, 45 P. 411 (1896).

**Lessee cannot deny lessor's title.** In an action of unlawful detainer, plaintiff having proved the execution of a lease and defendant's possession under it, defendant offered to show that his wife had erected buildings on the leased premises and claimed ownership. The court held that, as lessee of plaintiff, defendant could not deny his title, nor set up an outstanding title in another, and the evidence was properly rejected. Eckles v. Booco, 11 Colo. 522, 19 P. 465 (1898).

**Specific performance of a verbal agreement to execute a lease of lands** cannot be had in an action for the wrongful detainer of the lands. Adcock v. Lieber, 51 Colo. 373, 117 P. 993 (1911).

**Court may sustain motion for judgment on the pleadings.** Where, in an action in forcible entry and detainer, defendant raised no issue and none was shown by the pleadings, there was nothing left for a jury to determine, and regardless of any contention otherwise, the county court could, and did, properly sustain the motion for judgment on the pleadings. Jorden v. Ellis, 128 Colo. 350, 262 P.2d 275 (1953).

**Contempt sanction available in forcible entry and detainer (FED) proceedings** in appropriate circumstances. Nothing in C.R.C.P. 107 or the FED statute precludes the remedy of contempt in an FED action under appropriate circumstances. Hartsel Springs Ranch v. Cross Slash Ranch, 179 P.3d 237 (Colo. App. 2007).

# Exhibit 4

**Applied** in Burrows v. Greene, 198 Colo. 167, 599 P.2d 258 (1979); Hoffman v. Brown, 42 Colo. App. 444, 599 P.2d 959 (1979); Maxwell v. District Court, 641 P.2d 931 (Colo. 1982); Christensen v. Hoover, 643 P.2d 525 (Colo. 1982).

## II. PARAGRAPH (b).

**For evidence of title being admissible when possessor's title comes from the public domain,** see Kelley v. Andrew, 3 Colo. App. 122, 32 P. 175 (1893).

## III. PARAGRAPH (c).

**Paragraph (c)** provides that any tenant shall be deemed guilty of an unlawful detention who shall hold over, and continue in possession of, the demised premises, after the expiration of the term of occupancy. MacKenzie v. Porter, 40 Colo. 340, 91 P. 916 (1907).

**The holding over itself constitutes an unlawful detention.** This paragraph itself does not say that a holding, only after refusal to surrender on demand, or notice to quit, but that such a holding over itself, constitutes an unlawful detention. Dulmaine v. Reed Bldg. Co., 46 Colo. 469, 104 P. 1038 (1909).

**It is inapplicable where tenancy fixed and certain.** Where a lease is not from year to year or for an indefinite term, but is a lease where the tenancy is fixed and certain, the provisions of this section do not apply. Koch v. Monaghan, 119 Colo. 557, 205 P.2d 652 (1949), citing Millage v. Spahn, 115 Colo. 444, 175 P.2d 982 (1946).

**Notice to quit not necessary when term ends at a certain time.** The applicable rule would seem to be that notice to quit is not required where, by the express words of the contract, the term is to end at a certain time. Dulmaine v. Reed Bldg. Co., 46 Colo. 469, 104 P. 1038 (1909); Swaim v. Swanson, 118 Colo. 509, 197 P.2d 624 (1948); July Bldg. Corp. v. Heathrow & Co., Ltd., 679 P.2d 1120 (Colo. App. 1984).

**Action under this paragraph does not bar action for rent.** Although each party should bring forward all demands existing at the time of bringing an action in a justice court which can be consolidated, and, upon failure so to do, shall be debarred from afterwards suing for any such demand, a landlord is not barred from bringing an action for rent, which was due at the time of bringing an action of unlawful detainer for the premises under this paragraph (c). MacKenzie v. Porter, 40 Colo. 340, 91 P. 916 (1907).

**Demand for rent cannot be joined in action for possession of premises.** The action of unlawful detainer is not a common-law action, but is purely statutory, and, in the absence of statutory provisions therefor, a demand for damages or rent cannot be joined in an action for possession of the premises. MacKenzie v. Porter, 40 Colo. 340, 91 P. 916 (1907).

**Nor is landlord's right to bring action of unlawful detention affected because tenant must bring action for forcible entry.** The right to immediate possession being in the tenant, the action for forcible entry must be brought by her; but that by no means interferes with the right of the landlord to bring the action of unlawful detention upon the determination of the tenancy for any of the causes for which that action will lie under this section. Mageon v. Alkire, 41 Colo. 338, 92 P. 720 (1907).

**Complainant alleging tenancy and holding over cannot recover on evidence showing occupation under agreement to purchase.** In an action of unlawful detainer where the complainant alleges a tenancy and a holding over, and there is evidence tending to show that the defendant is in occupation under an agreement to purchase, it was not error to instruct the jury that, if they should find the defendant went in under an agreement to purchase, the plaintiff could not recover. Keller v. Klopfer, 3 Colo. 132 (1876).

**For action not being commenced prematurely,** see Beman v. Rocky Ford Nat'l Bank, 100 Colo. 64, 65 P.2d 708 (1937).

## IV. PARAGRAPH (d).

## Exhibit 4

**Paragraph (d) relates only to cases of forfeiture by tenants for nonpayment of rent.** Getty v. Miller, 10 Colo. App. 331, 51 P. 166 (1897).

**Tender of rent renders attempt to terminate lease ineffectual.** A tender of rent due under the terms of a lease, if properly made and kept good, renders an attempt to terminate it for nonpayment of rent ineffectual, the tender being equivalent to payment so far as the term of the lease is concerned. Barlow v. Hoffman, 103 Colo. 286, 86 P.2d 239 (1938).

**Tender must be sufficient.** A tender of rent due on leased premises is ineffectual where the amount of the tender is insufficient to cover the amount in default. Barlow v. Hoffman, 103 Colo. 286, 86 P.2d 239 (1938).

**Landlord may forfeit lease even if he has a deposit.** Deposit of funds to be applied to the payment of rent for the last eight months of a five-year lease does not deprive the landlord of his right to forfeit the lease if currently accruing rent becomes overdue. Barlow v. Hoffman, 103 Colo. 286, 86 P.2d 239 (1938).

**Service of notice constituting election of remedies.** Service of notice on a tenant in possession under lease to quit with a demand for possession, made for the express purpose of terminating the lease, constitutes an election of remedies and after such service the landlord has no right to ignore it or to bring an action based on any other theory than that the lease was terminated. Barlow v. Hoffman, 103 Colo. 286, 86 P.2d 239 (1938).

The general rule in Colorado is that a notice to pay or quit constitutes an election by the landlord to terminate the lease unless the notice is rendered ineffective by the tenant's payment of rent. Aigner v. Cowell Sales Co., 660 P.2d 907 (Colo. 1983).

**Bringing of suit for rent is an irrevocable election to waive the forfeiture.** Perry v. White, 69 Colo. 234, 193 P. 543 (1920).

**A judgment in a forcible detainer suit cannot go beyond an adjudication of the right** to possession as between the parties except when suit is brought under paragraph (d). Hendron v. Bolander, 101 Colo. 414, 74 P.2d 706 (1937).

**A dismissed unlawful** detainer case is not res judicata as to the defendant in a subsequent suit involving the same cause of action, and he is not bound by the position he took in the original case where the dismissal was without prejudice. Barlow v. Hoffman, 103 Colo. 286, 86 P.2d 239 (1938).

**Complaint must show three days' notice in writing.** A complaint under the forcible entry and detainer act, where the only breach is failure to pay rent, is deficient, if it does not show three days' notice in writing requiring in the alternative the payment of rent or possession of the premises. Perry v. White, 69 Colo. 234, 193 P. 543 (1920).

**Alternative demands required.** A notice sent for alleged default in rental payment, under subsection (1)(d), must include in the alternative a demand for payment within three days or possession of the premises. If it does not include the alternative demands it is insufficient to work a forfeiture for nonpayment of rent. Tumbarello v. Byers, 37 Colo. App. 61, 543 P.2d 1278 (1975).

**Waiver of notice.** The notice requirement of subsection (1)(d) may be waived by lease provisions. Francam Bldg. Corp. v. Fail, 646 P.2d 345 (Colo. 1982).

**Sufficiency of service of notice.** The posting of a notice pursuant to the provisions of 13-40-108 was sufficient to satisfy the three-day notice requirement under paragraph (d) and provide jurisdiction for entry of the judgment for possession. Magliocco v. Olson, 762 P.2d 681 (Colo. App. 1987).

**A failure to serve the demand three days before filing suit is not cured by the mere act of appending a copy of the demand to the complaint.** Rocky Mtn. Props. v. Purified H20, 3 P.3d 485 (Colo. App. 2000).

# Exhibit 4

**Statutory notice provision complied with where** landlord did not file an unlawful detainer action until ten days after his demand notice was served upon lessee. W. Cities Broad. v. Schueller, 830 P.2d 1074 (Colo. App. 1991), aff'd in part and rev'd in part on other grounds, 849 P.2d 44 (Colo. 1993).

**An unlawful detention action sounds in tort.** Federal court predicted that the Colorado supreme court would conclude that an unlawful detention action under subsection (1)(d) sounds in tort. Plaintiff's action for unlawful detention is thus subject to the Federal Tort Claims Act and its administrative remedies, which must be exhausted before an action in district court may be filed. Boehme v. United States Postal Serv., 343 F.3d 1260 (10th Cir. 2003).

## V. PARAGRAPH (e).

**Where the lessees failed to put the premises to the use required by the lease,** the lessees were in breach of the lease and an unlawful detainer action was proper. Edlen Co. v. Nashville Mgmt., Inc., 680 P.2d 1331 (Colo. App. 1984).

**Return of rent matured and collected is not required.** The landlord, declaring a forfeiture of the lease for the tenant's violation of its conditions, is not required to return any part of the rent matured and collected. The tenant violating the conditions of the lease loses both the term and the rent. Hepp Wall Paper & Mercantile Co. v. Deahl, 53 Colo. 274, 125 P. 491 (1912).

**Landlord's acceptance of rent in ignorance of tenant's violation of conditions of lease is no waiver** of the condition, or the breach of it. Hepp Wall Paper & Mercantile Co. v. Deahl, 53 Colo. 274, 125 P. 491 (1912).

**Three-day notice required** before commencement of unlawful detainer action. W. Cities Broad. v. Schueller, 830 P.2d 1074 (Colo. App. 1991), aff'd in part and rev'd in part on other grounds, 849 P.2d 44 (Colo. 1993).

**Statutory notice provision complied with where** landlord did not file an unlawful detainer action until ten days after his demand notice was served upon lessee. W. Cities Broad. v. Schueller, 830 P.2d 1074 (Colo. App. 1991), aff'd in part and rev'd in part on other grounds, 849 P.2d 44 (Colo. 1993).

## VI. PARAGRAPH (f).

**Where grantor in trust deed does not unlawfully detain mortgaged premises after trustee's sale,** the purchaser has no occasion to resort to the provisions of the forcible entry and detainer statute. Lane v. Morris, 77 Colo. 343, 237 P. 154 (1925).

**The recovery provided for in paragraph (f) was not intended as a penalty** for the unlawful withholding of mortgaged premises by the owner after foreclosure sale, but as compensation for the use thereof. Lane v. Morris, 77 Colo. 343, 237 P. 154 (1925).

**Deed of trust, trustee's deed, and demand for possession with officer's return make prima facie case.** In an action for possession under a foreclosure sale, when the plaintiff had introduced in evidence the deed of trust, the trustee's deed, and demand for possession with the officer's return on the demand, he had proven a prima facie case, and upon defendant's failure to offer any evidence, plaintiff was entitled to judgment. Ensley v. Page, 13 Colo. App. 452, 59 P. 225 (1899).

**Foreclosure and sale in violation of contract is a defense.** It is a defense to an action for unlawful detention brought under paragraph (f) against the grantor of a deed of trust that it was foreclosed and a sale made thereunder in violation of a contract between him and the beneficiary that a foreclosure should not take place until the happening of certain contingencies, and then only in a certain manner. Hamill v. Bank of Clear Creek County, 22 Colo. 384, 45 P. 411 (1896).

## VII. PARAGRAPH (i).

**Law reviews.** For article, "Must Colorado Real Property Installment Sale Contracts Be Foreclosed as Mortgages?", see 9 Dicta 320 (1932). For note, "Vendor's Remedies Under Colorado Executory Land Contracts",

**Exhibit 4**

see 22 Rocky Mt. L. Rev. 296 (1950). For note, "Relief upon Default Under a Contract for Purchase and Sale of Land", see 29 Dicta 7 (1952).

**It is immaterial whether the contract to convey is designated a "contract to purchase" or a "contract of purchase".** Schiffner v. Chicago Title & Trust Co., 79 Colo. 249, 244 P. 1012 (1926).

**Vendor may sue for unlawful detainer or in ejectment.** Unlawful detainer will lie where a vendee in possession under a contract to purchase withholds possession from the vendor after default and demand. Schiffner v. Chicago Title & Trust Co., 79 Colo. 249, 244 P. 1012 (1926).

**Vendee cannot question vendor's title.** Where a vendee went into possession of real estate in pursuance of a contract of sale, he cannot be heard to question his vendor's title in an action by the vendor to recover the premises for a failure on the part of the vendee to comply with the contract, and a complaint that alleges such contract of sale and the failure of the vendee to comply therewith is sufficient as against a general demurrer without an allegation of ownership. Ruth v. Smith, 29 Colo. 154, 68 P. 278 (1901).

### VIII. SUBSECTION (2).

**The language of subsection (2)(a)** refers to 13-40-124 for the definition of a qualified farm owner-tenant and the circumstances under which the attendant rights can be exercised. Fed. Land Bank of Wichita v. Needham, 759 P.2d 799 (Colo. App. 1988) (decided prior to repeal of subsection (2)).

### 13-40-105. Crops of possessor.

In all cases arising under section 13-40-104 (1) (c) to (1) (i), the person in possession is entitled to cultivate and gather the crops, if any, planted or sown by him previous to the service of the demand to deliver up possession, and then grown or growing on the premises, and shall have the right to enter such premises for the purpose of cultivating or removing such crops, first paying or tendering to the party entitled to the possession of said premises a reasonable compensation for the use of the land before removing such crops.

**Source: L. 1885:** p. 225, 4. **R.S. 08:** 2604. **C.L.** 6370. **CSA:** C. 70, 5. **CRS 53:** 58-1-5. **C.R.S. 1963:** 58-1-5.

### ANNOTATION

**Where a tenancy is from year to year this section is applicable** and under it the tenant has the right to "away-going" crops sown by him previous to the service of the demand to deliver up possession of the premises, unless there is a specific agreement providing otherwise. Millage v. Spahn, 115 Colo. 444, 175 P.2d 982 (1946).

**But not where tenancy is for a fixed term.** But where the tenancy is fixed certain, that is, where the tenant knows when he sows crops precisely when the lease will end, and it is plain he cannot reap before the lease terminates, he has no right to the crops remaining unharvested, or at least not to those that do not mature until after the termination of the lease. Millage v. Spahn, 115 Colo. 444, 175 P.2d 982 (1946).

**This section does not apply to a lease that is extinguished upon the foreclosure of a deed of trust.** Rather, it applies only to forcible entry and detainer actions where a landlord has evicted a tenant after a crop has been planted, but before it has been harvested. Elrick v. Merrill, 10 P.3d 689 (Colo. App. 2000).

**Lessee will not be entitled to crops after fixed term expires.** Thus, where tenancy was for a five-year period, and lessee knew the date of termination of the lease at the time he planted his crop and was cautioned in regard thereto, the provisions of this section did not apply, and lessee was not entitled to the crops remaining unharvested at the termination of the lease. Koch v. Monaghan, 119 Colo. 557, 205 P.2d 652 (1949), citing Millage v. Spahn, 115 Colo. 444, 175 P.2d 982 (1946).

## Exhibit 4

**Where notice of termination is given after tilling, tenant may harvest.** Where tenant summer-tilled some of the land before receiving notice of termination of the tenancy, he was entitled to his share of the crop on the acres tilled before receiving the notice. Hemberger v. Hagemann, 120 Colo. 431, 210 P.2d 995 (1949).

**Right to crops is not a defense to forcible entry and detainer.** The right of a tenant under certain circumstances to growing crops is not in and of itself a valid defense to a complaint in forcible entry and detainer. Orebaugh v. Doskocil, 145 Colo. 484, 359 P.2d 671 (1961).

### 13-40-106. Written demand.

The demand required by section 13-40-104 shall be made in writing, specifying the grounds of the demandant's right to the possession of such premises, describing the same, and the time when the same shall be delivered up, and shall be signed by the person claiming such possession, his agent, or his attorney.

**Source: L. 1885:** p. 226, 5. **R.S. 08:** 2605. **C.L.** 6371. **CSA:** C. 70, 6. **CRS 53:** 58-1-6. **C.R.S. 1963:** 58-1-6.

#### ANNOTATION

**The Colorado supreme court has recognized the rule requiring a demand for rent due prior to the exercise of the right of reentry.** Lessor, before he exercises the right of reentry reserved for breach of covenant to pay rent, must make an actual demand of the amount of rent due, in strict compliance with the requirements of the common law. Whenever a forfeiture for the nonpayment of rent is to be established, it is necessary to prove such a demand. Audubon Commercial Area Co. v. Skelly Oil Co., 268 F. Supp. 883 (D. Colo. 1967).

**Demand must be in writing and left with the party.** A demand, formal according to all of the requirements of the law, and set out in writing, if read to the party, is not sufficient. It must be made in writing and left with the party or it is no demand. Doss v. Craig, 1 Colo. 177 (1869).

**A party cannot be guilty of wrongful detainer until after this demand** has been made upon him. Doss v. Craig, 1 Colo. 177 (1869).

**A distinction in respect to necessity of demand exists between action for forcible entry, and action for unlawful detainer** after a peaceable and lawful entry. Farncomb v. Stern, 18 Colo. 279, 32 P. 612 (1893).

**No demand is necessary where entry was forcible.** In an action of forcible entry and detainer, where the entry complained of was forcible and illegal, the plaintiff need not make a demand for the possession of the premises before commencing his action. Farncomb v. Stern, 18 Colo. 279, 32 P. 612 (1893).

**Demand may be signed by an agent or attorney.** This section expressly provides that the demand for possession may be signed by the agent or attorney of the person claiming such possession. Ensley v. Page, 13 Colo. App. 452, 59 P. 225 (1899).

**Sufficiency of notice cannot be questioned in appellate court when due service was conceded.** Where, in wrongful detainer by landlord against tenant, the latter concedes, in the court below, due service of notice to quit, he will not be heard to question the sufficiency of the notice upon error. Hepp Wall Paper & Mercantile Co. v. Deahl, 53 Colo. 274, 125 P. 491 (1912).

**Omission to make demand is not cured by plea of title in defendant or by verdict.** In an action for unlawful detainer under this section the plaintiff must aver and prove a demand in writing for possession of the premises which he seeks to recover, and the omission to make such demand is not cured by plea of title in defendant nor by verdict. Doss v. Craig, 1 Colo. 177 (1869).

## Exhibit 4

**The common-law necessity for a demand of rent may be obviated** by a provision in the lease or by the acts of the parties. Audubon Com. Area Co. v. Skelly Oil Co., 268 F. Supp. 883 (D. Colo. 1967).

**13-40-107. Notice to quit.**

(1) A tenancy may be terminated by notice in writing, served not less than the respective period fixed before the end of the applicable tenancy, as follows:

(a) A tenancy for one year or longer, ninety-one days;

(b) A tenancy of six months or longer but less than a year, twenty-eight days;

(c) A tenancy of one month or longer but less than six months, seven days;

(d) A tenancy of one week or longer but less than one month, or a tenancy at will, three days;

(e) A tenancy for less than one week, one day.

(2) Such notice shall describe the property and the particular time when the tenancy will terminate and shall be signed by the landlord or tenant, the party giving such notice or his agent or attorney.

(3) Any person in possession of real property with the assent of the owner is presumed to be a tenant at will until the contrary is shown.

(4) No notice to quit shall be necessary from or to a tenant whose term is, by agreement, to end at a time certain.

(5) Except as otherwise provided in section 38-33-112, C.R.S., the provisions of subsections (1) and (4) of this section shall not apply to the termination of a residential tenancy during the ninety-day period provided for in said section.

**Source:** L. 1885: p. 226, 6. R.S. 08: 2606. C.L. 6372. CSA: C. 70, 7. CRS 53: 58-1-7. **L. 55:** p. 407, 3. **C.R.S. 1963:** 58-1-7. **L. 79:** (5) added, p. 1399, 2, effective June 21. **L. 2012:** (1)(a), (1)(b), and (1)(c) amended, (SB 12-175), ch. 208, p. 825, 9, effective July 1.

### ANNOTATION

**Law reviews.** For note, "Holdover Tenants in Colorado", see 34 Rocky Mt. L. Rev. 320 (1962). For article, "The Effect of Zoning Violations on the Enforceability of Leases", see 19 Colo. Law. 2077 (1990).

**Constitutionality.** The forcible entry and detainer statute, as applied, neither deprives the tenant of property without due process of law nor violates his right to equal protection of the laws. Hurricane v. Kanover, Ltd., 651 P.2d 1218 (Colo. 1982).

**Notice to quit purporting to be by landlord's attorney is good.** Ensley v. Page, 13 Colo. App. 452, 59 P. 225 (1899).

**It is not essential that the landlord's notice to quit should be upon a single piece of paper.** Two papers, relating to the same matter, and served at the same time, are necessarily construed as one document. Hepp Wall Paper & Mercantile Co. v. Deahl, 53 Colo. 274, 125 P. 491 (1912).

**Provision for notice to tenant has no application where tenant voluntarily vacates.** This section, which provides that a tenant from month to month is entitled to 10 days notice to quit to terminate the tenancy, has no

**Exhibit 4**

application to an action to recover rent for premises occupied without a lease from month to month, or other definite period, brought after the premises had been voluntarily vacated by the tenant. Salomon v. O'Donnell, 5 Colo. App. 35, 36 P. 893 (1894).

**Notice to quit is not required where, by the express words of the lease, the term ends at a day certain.** Dulmaine v. Reed Bldg. Co., 46 Colo. 469, 104 P. 1038 (1909); Hancock v. Central Shoe & Clothing Co., 53 Colo. 190, 125 P. 123 (1912); Swaim v. Swanson, 118 Colo. 509, 197 P.2d 624 (1948); Mahaney v. Field, 120 Colo. 518, 211 P.2d 827 (1949).

**Notice to quit not required.** Defendants were tenants at sufferance with a possessory interest pursuant to an agreement which expired at a time certain. Therefore, a notice to quit was not a condition precedent to maintaining an action for unlawful detention. July Bldg. Corp. v. Heathrow & Co., Ltd., 679 P.2d 1120 (Colo. App. 1984).

**Payment of rent at stated periods is a criterion as to duration of term.** The reservation of rent and its payment at stated periods, as for a year or month, is, in the absence of express agreement as to length of the lease, one of the principal criterions to determine the duration of the term. Hurd v. Whitsett, 4 Colo. 77 (1878).

**Month to month tenant entitled to ten days notice from landlord** who was purchaser of premises at federal tax sale. Danyew v. Phelps, 676 P.2d 707 (Colo. App. 1983).

**This section recognizes a monthly tenancy as distinct from one from year to year.** Hurd v. Whitsett, 4 Colo. 77 (1878).

**Holding merely at will of landlord deemed tenancy from year to year.** A holding merely at the will of the landlord, according to the ancient meaning of the term "tenancy at will", is an estate unknown in modern times, unless where created by express agreement between the parties, or by clear implication. All such tenancies are, for the purpose of a notice to quit, deemed to be tenancies from year to year. Hurd v. Whitsett, 4 Colo. 77 (1878).

**Where term is for less than year holding over is implied to be for like term.** Where a tenant for a year or for years holds over after the expiration of his term, with the assent of his landlord, the holding is implied to be from year to year. But where the term is for a shorter period than a year, according to the current of authorities, both English and American, the holding over is implied to be for a like term, and the notice to quit is determined thereby, and is sufficient if it equals the length of the term or the interval between the times of payment of rent. Hurd v. Whitsett, 4 Colo. 77 (1878).

**Where there was a holding over by a tenant from month to month, after conveyance by the original lessor,** with the assent of both the landlord and tenant, it was held that such holding over was upon the same terms as the prior letting, and, in the absence of a new lease, the character of the tenancy continued the same. Hurd v. Whitsett, 4 Colo. 77 (1878).

**Where a tenant occupied premises for several years, and then entered into a lease for one year certain,** it was held that his former occupancy did not inure to his benefit and constitute him a tenant from year to year and so entitle him to three months notice to quit under this section. Brandenburg v. Reithman, 7 Colo. 323, 3 P. 577 (1884).

**Applied** in Maxwell v. District Court, 641 P.2d 931 (Colo. 1982).

**13-40-107.5. Termination of tenancy for substantial violation - definition - legislative declaration.**

(1) The general assembly finds and declares that:

(a) Violent and antisocial criminal acts are increasingly committed by persons who base their operations in rented homes, apartments, and commercial properties;

**Exhibit 4**

(b) Such persons often lease such property from owners who are unaware of the dangerous nature of such persons until after the persons have taken possession of the property;

(c) Under traditional landlord and tenant law, such persons may have established the technical, legal right to occupy the premises for a fixed term which continues long after they have demonstrated themselves unfit to coexist with their neighbors and co-tenants; furthermore, such persons often resist eviction as long as possible;

(d) In certain cases it is necessary to curtail the technical, legal right of occupancy of such persons in order to protect the equal or greater rights of neighbors and co-tenants, the interests of property owners, the values of trust and community within neighborhoods, and the health, safety, and welfare of all the people of this state.

(2) It is declared to be an implied term of every lease of real property in this state that the tenant shall not commit a substantial violation while in possession of the premises.

(3) As used in this section, "substantial violation" means any act or series of acts by the tenant or any guest or invitee of the tenant that, when considered together:

(a) Occurs on or near the premises and endangers the person or willfully and substantially endangers the property of the landlord, any co-tenant, or any person living on or near the premises; or

(b) Occurs on or near the premises and constitutes a violent or drug-related felony prohibited under article 3, 4, 6, 7, 9, 10, 12, or 18 of title 18, C.R.S.; or

(c) Occurs on the tenant's leased premises or the common areas, hallway, grounds, parking lot, or other area located in the same building or complex in which the tenant's leased premises are located and constitutes a criminal act in violation of federal or state law or local ordinance that:

(I) Carries a potential sentence of incarceration of one hundred eighty days or more; and

(II) Has been declared to be a public nuisance under state law or local ordinance based on a state statute.

(4) (a) A tenancy may be terminated at any time on the basis of a substantial violation. The termination shall be effective three days after service of written notice to quit.

(b) The notice to quit shall describe the property, the particular time when the tenancy will terminate, and the grounds for termination. The notice shall be signed by the landlord or by the landlord's agent or attorney.

(5) (a) In any action for possession under this section, the landlord has the burden of proving the occurrence of a substantial violation by a preponderance of the evidence.

(b) In any action for possession under this section, it shall be a defense that:

(I) (Deleted by amendment, L. 2005, p. 402, 2, effective July 1, 2005.)

## Exhibit 4

(II) The tenant did not know of, and could not reasonably have known of or prevented, the commission of a substantial violation by a guest or invitee but immediately notified a law enforcement officer of his or her knowledge of the substantial violation.

(c) (I) The landlord shall not have a basis for possession under this section if the tenant or lessee is the victim of domestic violence, as that term is defined in section 18-6-800.3, C.R.S., or of domestic abuse, as that term is defined in section 13-14-101 (2), which domestic violence or domestic abuse was the cause of or resulted in the alleged substantial violation and which domestic violence or domestic abuse has been documented pursuant to the provisions set forth in section 13-40-104 (4).

(II) Nothing in this paragraph (c) shall prevent the landlord from seeking possession against a tenant or lessee of the premises who perpetuated the violence or abuse that was the cause of or resulted in the alleged substantial violation.

**Source: L. 94:** Entire section added, p. 1467, 2, effective May 31. **L. 98:** IP(3) and (3)(b) amended and (3)(c) added, p. 419, 1, effective April 21. **L. 2003:** (5)(b)(I) amended, p. 1010, 11, effective July 1. **L. 2005:** (5) amended, p. 402, 2, effective July 1.

### ANNOTATION

**Section does not conflict with city ordinances** that impose strict liability for over-occupancy. To the contrary, the section and the ordinances appear to be complimentary in that they provide mechanisms to deal with lease violations. Boulder County Apt. Ass'n v. City of Boulder, 97 P.3d 332 (Colo. App. 2004).

**Lessee committed no substantial breach that would allow landowners to defeat the lease pursuant to this section.** Whether a breach of a contract is material, and therefore excuses further performance by a party, is a question of fact. Because the trial court's findings that no breach of a lease to remove sand, gravel, and rock from a landowner's property are supported by the record, lessee committed no substantial breach. Carder, Inc. v. Cash, 97 P.3d 174 (Colo. App. 2003).

**Court erred in granting restitution of the premises where owner failed to prove by a preponderance of the evidence that tenant violated lease covenant by committing criminal activity.** Unlawful detention for violation of a lease covenant requires proof by a preponderance of the evidence that the covenant was actually violated, not merely that the owner had reasonable grounds to believe that it was violated. Miles v. Fleming, 214 P.3d 1054 (Colo. 2009).

### 13-40-108. Service of notice to quit.

A notice to quit or demand for possession of real property may be served by delivering a copy thereof to the tenant or other person occupying such premises, or by leaving such copy with some person, a member of the tenant's family above the age of fifteen years, residing on or in charge of the premises, or, in case no one is on the premises at the time service is attempted, by posting such copy in some conspicuous place on the premises.

**Source: L. 1885:** p. 226, 7. **R.S. 08:** 2607. **C.L.** 6373. **CSA:** C. 70, 8. **CRS 53:** 58-1-8. **L. 61:** p. 390, 1. **C.R.S. 1963:** 58-1-8.

### ANNOTATION

**Law reviews.** For comment on Hemberger v. Hagemann, appearing below, see 22 Rocky Mt. L. Rev. 196 (1950).

**Exhibit 4**

**Acknowledgment of receipt of notice is equivalent to any statutory method of service** so long as the notice reaches the hands of the person sought to be notified in sufficient time. Sufficiency of the notice or the manner of service thereof cannot be questioned where notice was conceded to have been received. Hemberger v. Hagemann, 120 Colo. 431, 210 P.2d 995 (1949).

**Applied** in Hurricane v. Kanover, Ltd., 651 P.2d 1218 (Colo. 1982).

**13-40-109. Jurisdiction of courts.**

The district courts in their respective districts and county courts in their respective counties have jurisdiction of all cases of forcible entry, forcible detainer, or unlawful detainer arising under this article, and the person entitled to the possession of any premises may recover possession thereof by action brought in any of said courts in the manner provided in this article. On and after January 1, 1991, in all actions brought before county courts under section 13-40-104 (1) (f) to (1) (i), where the allegations of the complaint are put in issue by a verified answer and in actions in which the verified answer alleges a monthly rental value of the property in excess of fifteen thousand dollars, the county court, upon the filing of said answer, shall suspend all proceedings therein and certify said cause and transmit the papers therein to the district court of the same county. Causes so certified by the county court shall be proceeded within the courts to which they have been so certified in all respects as if originally begun in the court to which they have been certified. On and after January 1, 1991, the jurisdiction of the county court to enter judgment for rent, or damages, or both and to render judgment on a counterclaim in forcible entry and detainer shall be limited to a total of fifteen thousand dollars in favor of either party, exclusive of costs and attorney fees.

**Source: L. 1885:** p. 226, 8. **L. 1887:** p. 271, 3. **R.S. 08:** 2608. **C.L.** 6374. **CSA:** C. 70, 9. **CRS 53:** 58-1-9. **C.R.S. 1963:** 58-1-9. **L. 64:** p. 469, 1. **L. 75:** Entire section amended, p. 562, 2. **L. 82:** Entire section amended, p. 642, 1, effective June 1. **L. 90:** Entire section amended, p. 850, 9, effective May 31; entire section amended, p. 856, 7, effective July 1. **L. 2001:** Entire section amended, p. 1518, 13, effective September 1.

**Cross references:** For the legislative declaration contained in the 1990 act amending this section, see section 1 of chapter 100, Session Laws of Colorado 1990.

**ANNOTATION**

**Law reviews.** For article, "Colorado's New Court System", see 41 Den. L. Ctr. J. 140 (1964).

**In forcible entry and detainer suit court may give judgment on pleadings.** Where, in an action in forcible entry and detainer, defendant raised no issue and none was shown by the pleadings, there was nothing left for a jury to determine, and, regardless of any contention otherwise, the county court could, and did, properly sustain the motion for judgment on the pleadings. Jorden v. Ellis, 128 Colo. 350, 262 P.2d 275 (1953).

**Forcible entry and detainer action in county court is limited to question of possession,** and title to the land involved may not be an issue for resolution there. Aasgaard v. Spar Consol. Mining & Dev. Co., 185 Colo. 157, 522 P.2d 726 (1974).

**When a party validly raises the issue of ownership in a district court forcible entry and detainer action that directly affects the party's right to possession, the district court must determine ownership prior to ruling on possession.** A forcible entry and detainer proceeding in district court is not rendered inappropriate simply because the issue of ownership arises. Schuler v. Oldervik, 143 P.3d 1197 (Colo. App. 2006).

**Exhibit 4**

**13-40-110. Action - how commenced.**

(1) An action under this article is commenced by filing with the court a complaint in writing describing the property with reasonable certainty, the grounds for the recovery thereof, the name of the person in possession or occupancy, and a prayer for recovery of possession. The complaint may also set forth the amount of rent due, the rate at which it is accruing, the amount of damages due, and the rate at which they are accruing and may include a prayer for rent due or to become due, present and future damages, costs, and any other relief to which plaintiff is entitled.

(2) In an action for termination of a tenancy in a mobile home park, the complaint, in addition to the requirements of subsection (1) of this section, shall specify the particular reasons for termination as such reasons are stated in section 38-12-203, C.R.S. Such complaint shall specify the approximate time, place, and manner in which the tenant allegedly committed the acts giving rise to the complaint. If the action is based on the mobile home or mobile home lot being out of compliance with the rules and regulations adopted pursuant to section 38-12-203 (1) (c), C.R.S., the complaint shall specify that the home owner was given thirty days from the date of service or posting of the notice to quit to cure the noncompliance and that thirty days have passed and the noncompliance has not been cured.

**Source: L. 1885:** p. 226, 9. **L. 1887:** p. 272, 4. **R.S. 08:** 2609. **C.L.** 6375. **L. 33:** p. 481, 1. **CSA:** C. 70, 10. **CRS 53:** 58-1-10. **L. 55:** p. 406, 1. **L. 61:** p. 390, 2. **C.R.S. 1963:** 58-1-10. **L. 85:** Entire section amended, p. 578, 1, effective July 1. **L. 96:** (2) amended, p. 670, 1, effective July 1.

**ANNOTATION**

**Law reviews.** For article, "Highlights of the 1955 Colorado Legislative Session -- Real Property", see 28 Rocky Mt. L. Rev. 58 (1955). For article, "Representation of the Landlord in an Unlawful Detainer Action", see 12 Colo. Law. 69 (1983).

**Substantial facts must be set out in complaint.** This section requires that the substantial facts, upon which the plaintiff relies, shall be set out in the complaint. Klopfer v. Keller, 1 Colo. 410 (1871).

**Fact of written demand for the premises.** It is the duty of the plaintiff, if demand in writing for the premises was made, to set it out in his petition as a substantial fact, as required in this section. Doss v. Craig, 1 Colo. 177 (1869).

**Allegation held one of material facts and not of mere evidence.** An allegation that defendant by "beating plaintiff, and by superior strength and numbers, with threats of violence, did forcibly eject plaintiff", is an allegation not of mere evidence, but of material facts. Kenny v. Daugherty, 67 Colo. 56, 185 P. 471 (1919).

**This and 13-40-113 are the only sections of the act in any way relating to the pleadings** required of the parties, where the action is commenced in a justice court and by implication exclude necessity for further written pleadings. Joss v. Hallett, 39 Colo. 392, 89 P. 809 (1907).

**Verification permitted at close of case.** In a forcible entry and detainer action brought under this article in the district court, plaintiffs were properly permitted at the close of their case to verify their complaint. Franklin v. Macedonia Baptist Church, 123 Colo. 432, 231 P.2d 793 (1951).

**13-40-111. Issuance and return of summons.**

(1) Upon filing the complaint as provided in section 13-40-110, the clerk of the court or the attorney for the plaintiff shall issue a summons. The summons shall command the defendant to appear before the

**Exhibit 4**

court at a place named in such summons and at a time and on a day which shall be not less than seven days nor more than fourteen days from the day of issuing the same to answer the complaint of plaintiff. The summons shall also contain a statement addressed to the defendant stating: "If you fail to file with the court, at or before the time for appearance specified in the summons, an answer to the complaint setting forth the grounds upon which you base your claim for possession and denying or admitting all of the material allegations of the complaint, judgment by default may be taken against you for the possession of the property described in the complaint, for the rent, if any, due or to become due, for present and future damages and costs, and for any other relief to which the plaintiff is entitled. If you are claiming that the landlord's failure to repair the residential premises is a defense to the landlord's allegation of nonpayment of rent, the court will require you to pay into the registry of the court, at the time of filing your answer, the rent due less any expenses you have incurred based upon the landlord's failure to repair the residential premises."

(2) Repealed.

(3) For actions commenced pursuant to section 13-40-104 (1) (f) and (1) (g) only, if no answer to the complaint is filed as provided in subsection (1) of this section, the court shall examine the complaint, and, if satisfied that venue is proper and the plaintiff is entitled to possession of the premises, the court shall dispense with appearances by the plaintiff or a hearing and shall forthwith enter a judgment for possession, present or future damages, and costs.

 **Source:** L. **1885:** p. 227, 10. **L. 1887:** p. 272, 5. **L. 1891:** p. 227, 1. **R.S. 08:** 2610. **C.L.** 6376. **CSA:** C. 70, 11. **CRS 53:** 58-1-11. **L. 61:** p. 391, 3. **C.R.S. 1963:** 58-1-11. **L. 64:** p. 470, 2. **L. 75:** Entire section amended, p. 582, 1, effective July 1. **L. 87:** Entire section amended, p. 565, 2, effective March 13. **L. 2004:** Entire section amended, p. 594, 1, effective July 1. **L. 2006:** (3) added, p. 1479, 35, effective July 1. **L. 2007:** (3) amended, p. 1830, 1, effective January 1, 2008. **L. 2008:** (1) amended, p. 1819, 1, effective September 1. **L. 2012:** (1) amended and (2) repealed, (SB 12-175), ch. 208, p. 825, 10, effective July 1.

### ANNOTATION

**Unsuccessful party by appeal waives irregularities in the summons.** The unsuccessful party, by taking an appeal from a judgment of a justice of the peace, waives all irregularities in the summons and service thereof. Fort v. Demmer, 91 Colo. 285, 14 P.2d 489 (1932).

**Applied in** Maxwell v. District Court, 641 P.2d 931 (Colo. 1982).

**13-40-112. Service.**

(1) Such summons may be served by personal service as in any civil action. A copy of the complaint must be served with the summons.

(2) If personal service cannot be had upon the defendant by a person qualified under the Colorado rules of civil procedure to serve process, after having made diligent effort to make such personal service, such person may make service by posting a copy of the summons and the complaint in some conspicuous place upon the premises. In addition thereto, the plaintiff shall mail, no later than the next business day following the day on which he or she files the complaint, a copy of the summons, or, in the event that an alias summons is issued, a copy of the alias summons, and a copy of the complaint to the defendant at the premises by postage prepaid, first-class mail.

**Exhibit 4**

(3) Personal service or service by posting shall be made at least seven days before the day for appearance specified in such summons, and the time and manner of such service shall be endorsed upon such summons by the person making service thereof.

(4) For purposes of this section, "business days" means any calendar day excluding Saturdays, Sundays, and legal holidays.

**Source: L. 1885:** p. 227, 11. **L. 1887:** p. 273, 6. **R.S. 08:** 2611. **C.L.** 6377. **CSA:** C. 70, 12. **CRS 53:** 58-1-12. **L. 61:** p. 392, 4. **C.R.S. 1963:** 58-1-12. **L. 64:** p. 470, 3. **L. 83:** (2) and (3) amended, p. 632, 1, effective May 26. **L. 84:** (2) and (3) amended, p. 465, 1, effective March 16. **L. 87:** (2) amended, p. 566, 3, effective March 13. **L. 2004:** (2) and (3) amended and (4) added, p. 594, 2, effective July 1. **L. 2012:** (3) amended, (SB 12-175), ch. 208, p. 825, 11, effective July 1.

**Cross references:** For the procedure for service of process, see C.R.C.P. 4.

### ANNOTATION

**An actual appearance always cures a defective service of a summons,** when, except for such defect, the court would have jurisdiction of the person and the subject matter of the suit. Tyler v. McKenzie, 43 Colo. 233, 95 P. 943 (1908).

**Landlord properly can take possession of abandoned apartment** without resort to legal process. Martinez v. Steinbaum, 623 P.2d 49 (Colo. 1981).

### 13-40-113. Answer of defendant - additional and amended pleadings.

(1) The defendant shall file with the court, at or before the time specified for his appearance in the summons, an answer in writing setting forth the grounds on which he bases his claim for possession and admitting or denying all of the material allegations of the complaint and presenting every defense which then exists and upon which he intends to rely, either by including the same in his answer or by filing simultaneously therewith motions setting forth every such defense.

(2) The court for good cause may permit the filing of additional and amended pleadings where such will not result in delay prejudicial to the defendant.

**Source: L. 1885:** p. 227, 12. **R.S. 08:** 2612. **C.L.** 6378. **CSA:** C. 70, 13. **CRS 53:** 58-1-13. **L. 55:** p. 406, 2. **L. 61:** p. 392, 5. **C.R.S. 1963:** 58-1-13.

### ANNOTATION

**Structure of F.E.D. statute evinces a legislative intent to accelerate trial settings in order to provide expeditious remedy.** Butler v. Farner, 704 P.2d 853 (Colo. 1985).

**Due process is satisfied so long as F.E.D. statute permits continuances in cases requiring intensive trial preparation.** Butler v. Farner, 704 P.2d 853 (Colo. 1985).

**Defendant failing to file answer admits allegations of complaint.** A defendant, by failing to file an answer to the complaint in an unlawful detainer action, admits the allegations therein contained. Feste v. People, 93 Colo. 206, 25 P.2d 177 (1933).

## Exhibit 4

A defendant in an unlawful detainer action who fails to answer within the required time thereby admits the allegations set forth in the complaint. Spar Consol. Mining & Dev. Co. v. Aasgaard, 33 Colo. App. 35, 516 P.2d 127 (1973), aff'd, 185 Colo. 157, 522 P.2d 726 (1974).

**Failure to answer results in default judgment.** Failure of defendant in a county court proceeding for forcible entry and detainer to file a timely answer in writing properly results in a default judgment against him. Spar Consol. Mining & Dev. Co. v. Aasgaard, 33 Colo. App. 35, 516 P.2d 127 (1973), aff'd, 185 Colo. 157, 522 P.2d 726 (1974).

**If no answer is filed, there is no issue to be tried.** In an unlawful detainer action where a written complaint is filed in compliance with 13-40-110, if defendant fails to file a written answer, there is no issue to be tried, and defendant is in default in both original and appellate courts, if an appeal be taken from a judgment against him. Fort v. Demmer, 91 Colo. 285, 14 P.2d 489 (1932).

**Where defendant's answer admits possession, plaintiff need not prove it.** In an action of forcible entry and detainer, where the defendant in her answer admits possession, it is not necessary for plaintiff to prove possession. Ensley v. Page, 13 Colo. App. 452, 59 P. 225 (1899).

**Answers held insufficient.** An answer denying that plaintiff gave defendant an option to purchase the premises and that defendant was to pay a specified sum, and denying that defendant had forfeited any rights to the property by virtue of an option to purchase the same, or otherwise, allegations of such facts appearing in the complaint, was held insufficient. Bonnell v. Gill, 41 Colo. 59, 92 P. 13 (1907).

**Answer in a forcible entry and detainer action stating mere conclusions is insufficient** under this section. Ensley v. Page, 13 Colo. App. 452, 59 P. 225 (1899); McCrimmon v. Raymond, 77 Colo. 81, 234 P. 1058 (1925).

**An answer merely denying that defendants took possession by force was held not compliance with this section.** Kenney v. Daugherty, 67 Colo. 56, 185 P. 471 (1919).

**Motion for bill of particulars is not provided for in this section,** and it does not constitute an answer because it fails to admit or deny the material allegations. Spar Consol. Mining & Dev. Co. v. Aasgaard, 33 Colo. App. 35, 516 P.2d 127 (1973), aff'd, 185 Colo. 157, 522 P.2d 726 (1974).

**A defendant as such is not barred from denying a plaintiff's title,** but it is a tenant who is not allowed to deny the landlord's title. The latter relation must exist to apply the rule. The plaintiff may allege that the defendant is a tenant and introduce evidence to prove it, but that is not conclusive upon the defendant. The latter may go forward and prove that he never was a tenant, but a purchaser or mortgagor in possession, for instance, and, for that reason, entitled to remain. Reitze v. Humphreys, 53 Colo. 171, 125 P. 522 (1912).

**Defendant may set up defense that he is a mortgagor.** In an action of wrongful detainer by landlord against tenant, the defendant may set up as a defense that he is the owner in equity of the premises, and the plaintiff, though invested with the title, a mere mortgagee. And he may prove such relation of mortgagor and mortgagee, thus disproving the relation of landlord and tenant, averred in the complaint. The rule that the tenant may not deny the landlord's title has no application. Reitze v. Humphreys, 53 Colo. 171, 125 P. 522 (1912).

**Equitable defenses may be interposed** in actions of forcible entry and detainer. Adcock v. Lieber, 51 Colo. 373, 117 P. 993 (1911); McCrimmon v. Raymond, 77 Colo. 81, 234 P. 1058 (1925).

**Defendant may offer all facts entitling him to possession at law or equity.** All the substantial facts upon which a defendant relies, entitling him to the possession of the property, include such facts as will entitle him to the possession at law or in equity. Adcock v. Lieber, 51 Colo. 373, 117 P. 993 (1911).

**Fact that possessor did not know plaintiff's residence is no defense.** The allegation in the answer that defendant was not able to surrender and deliver up to plaintiff possession of the premises described in the demand, because she was not acquainted with him, and did not know his place of residence, constitutes no defense at all. No livery of seisin was necessary, and all that was necessary for defendant to have done in order

## Exhibit 4

to have complied with the demand was to have vacated the premises. Ensley v. Page, 13 Colo. App. 452, 59 P. 225 (1899).

**Section does not require pleading of evidence.** The provision of this section that the answer shall set forth "all the substantial facts", does not require the pleading of evidence. W.H. Swanson Theater Co. v. Pueblo Opera Block Inv. Co., 70 Colo. 83, 197 P. 762 (1921).

### 13-40-114. Delay in trial - undertaking.

If either party requests a delay in trial longer than five days, the court in its discretion may, upon good cause shown, require either of the parties to give bond or other security approved and fixed by the court in an amount for the payment to the opposite party of such sum as he may be damaged due to the delay.

**Source: L. 1885:** p. 228, 13. **R.S. 08:** 2613. **C.L.** 6379. **CSA:** C. 70, 14. **CRS 53:** 58-1-14. **L. 61:** p. 393, 6. **C.R.S. 1963:** 58-1-14. **L. 87:** Entire section amended, p. 566, 4, effective March 13.

### ANNOTATION

**This section does not authorize the trial court to issue a default judgment for failure to comply with the court's order requiring the posting of bond.** Rather, the remedy for failure to post the bond required by the court is immediate trial. Beeghly v. Mack, 20 P.3d 610 (Colo. App. 2001).

**This section is applicable when a forcible entry and detainer action is brought, regardless of whether other issues regarding ownership may be raised and resolved during the pendency of such action.** Beeghly v. Mack, 20 P.3d 610 (Colo. App. 2001).

### 13-40-115. Judgment - writ of restitution.

(1) Upon the trial of any action under this article if service was had only by posting in accordance with section 13-40-112 (2) and if the court finds that the defendant has committed an unlawful detainer, the court shall enter judgment for the plaintiff to have restitution of the premises and shall issue a writ of restitution. The court may also continue the case for further hearing from time to time and may issue alias and pluries summonses until personal service upon the defendant is had.

(2) Upon such trial or further hearing under this article after personal service is had upon the defendant in accordance with section 13-40-112 (1), if the court or jury has not already tried the issue of unlawful detainer, it may do so, and, if it finds that the defendant has committed an unlawful detainer, the court shall enter judgment for the plaintiff to have restitution of the premises and shall issue a writ of restitution. In addition to such judgment for restitution, the court or jury shall further find the amount of rent, if any, due to the plaintiff from the defendant at the time of trial, the amount of damages, if any, sustained by the plaintiff to the time of the trial on account of the unlawful detention of the property by the defendant, and damages sustained by the plaintiff to the time of trial on account of injuries to the property, and judgment shall enter for such amounts, together with reasonable attorney's fees and costs, upon which judgment execution shall issue as in other civil actions. Nothing in this section shall be construed to permit the entry of judgment in excess of the jurisdictional limit of the court.

(3) A writ of restitution that is issued by the court pursuant to subsection (1) or (2) of this section shall remain in effect for forty-nine days after issuance and shall automatically expire thereafter.

# Exhibit 4

**Source: L. 1885:** p. 228, 14. **R.S. 08:** 2614. **C.L.** 6380. **CSA:** C. 70, 15. **CRS 53:** 58-1-15. **L. 61:** p. 393, 7. **C.R.S. 1963:** 58-1-15. **L. 2005:** (3) added, p. 263, 1, effective August 8. **L. 2012:** (3) amended, (SB 12-175), ch. 208, p. 826, 12, effective July 1.

## ANNOTATION

**Law reviews.** For article, "The Rights of Landlords in Tenants' Personal Property", see 57 Den. L.J. 685 (1980). For article, "Representation of the Landlord in an Unlawful Detainer Action", see 12 Colo. Law. 69 (1983).

**Jury trials possible.** By this section, the general assembly recognized that there could be jury trials in forcible entry and detainer actions. Husar v. Larimer County Court, 629 P.2d 1104 (Colo. App. 1981).

**For landlord's liability for damage to tenant's property during removal from premises,** see Christensen v. Hoover, 643 P.2d 525 (Colo. 1982).

**Where legal relationship between parties and entitlement to possession of home was still in dispute,** district court was in error to issue an order for a writ of restitution. Lindsay v. District Court, 694 P.2d 843 (Colo. 1985).

**Res judicata of judgment.** The entry of a default judgment on the issue of possession properly entered pursuant to this section is a final order and is res judicata on the issue. Magliocco v. Olson, 762 P.2d 681 (Colo. App. 1987).

**Statute allows a plaintiff in an FED action to recover damages for past due rent in addition to restitution of the premises.** Plaintiff's damages are not limited to the reasonable rental value of the use of the premises during the period of the unlawful detainer. Renco Assocs. v. D'Lance, Inc., 214 P.3d 1069 (Colo. App. 2009).

**When this section is read with 13-40-123, it is clear that the award of attorney fees in a forcible entry and detainer action is in the nature of compensatory damages.** Thus, any prevailing party in a forcible entry and detainer action is entitled to attorney fees, and the trial court erred in refusing to award them. Wilcox v. Clark, 42 P.3d 29 (Colo. App. 2001).

**Contempt sanction available in forcible entry and detainer (FED) proceedings** in appropriate circumstances. Nothing in C.R.C.P. 107 or the FED statute precludes the remedy of contempt in an FED action under appropriate circumstances. Hartsel Springs Ranch v. Cross Slash Ranch, 179 P.3d 237 (Colo. App. 2007).

**Court erred in granting restitution of the premises where owner failed to prove by a preponderance of the evidence that tenant violated lease covenant by committing criminal activity.** Unlawful detention for violation of a lease covenant requires proof by a preponderance of the evidence that the covenant was actually violated, not merely that the owner had reasonable grounds to believe that it was violated. Miles v. Fleming, 214 P.3d 1054 (Colo. 2009).

**Applied** in Maxwell v. District Court, 641 P.2d 931 (Colo. 1982).

## 13-40-116. Dismissal.

If the plaintiff's action brought for any of the causes mentioned in this article, upon the trial thereon, is dismissed or the action fails to prove the plaintiff's right to the possession of the premises described in the complaint, the defendant shall have judgment and execution for his costs.

**Source: L. 1885:** p. 229, 16. **R.S. 08:** 2616. **C.L.** 6382. **CSA:** C. 70, 17. **CRS 53:** 58-1-17. **C.R.S. 1963:** 58-1-17.

**Cross references:** For dismissal of actions generally, see C.R.C.P. 41.

**Exhibit 4**

**13-40-117. Appeals.**

(1) If either party feels aggrieved by the judgment rendered in such action before the county court, he may appeal to the district court, as in other cases tried before the county court, with the additional requirements provided in this article.

(2) Upon the court's taking such appeal, all further proceedings in the case shall be stayed, and the appellate court shall thereafter issue all needful writs and process to carry out any judgment which may be rendered thereon in the appellate court.

(3) If the appellee believes that he may suffer serious economic harm during the pendency of the appeal, he may petition the court taking the appeal to order that an additional undertaking be required of the appellant to cover the anticipated harm. The court shall order such undertaking only after a hearing and upon a finding that the appellee has shown a substantial likelihood of suffering such economic harm during the pendency of the appeal and that he will not be adequately protected under the appeals bond and the other requirements for appeal pursuant to sections 13-40-118, 13-40-120, and 13-40-123.

Source: L. 1885: p. 229, 17. R.S. 08: 2617. C.L. 6383. CSA: C. 70, 18. CRS 53: 58-1-18. C.R.S. 1963: 58-1-18. L. 64: p. 470, 4. L. 84: Entire section amended, p. 466, 1, effective July 1. L. 85: (1) amended, p. 571, 8, effective November 14, 1986.

**ANNOTATION**

**This section gives to either party the right of appeal.** Dulmaine v. Reed Bldg. Co., 46 Colo. 469, 104 P. 1038 (1909).

**Judgment for immediate possession is proper.** In an action by a landlord against a tenant, judgment for immediate possession is proper. The only effect of this section is to stay enforcement of the judgment for 48 hours, in order that an appeal may in the meantime be perfected. Dulmaine v. Reed Bldg. Co., 46 Colo. 469, 104 P. 1038 (1909).

**It will be assumed that the appeal bond was tendered and filed on the day of its approval,** in the absence of a filing mark. Fort v. Demmer, 91 Colo. 285, 14 P.2d 489 (1932).

**Applied** in Maxwell v. District Court, 641 P.2d 931 (Colo. 1982); Francam Bldg. Corp. v. Fail, 687 P.2d 991 (Colo. App. 1984).

**13-40-118. Deposit of rent.**

In all appeals from the judgment of a county court, in an action founded upon section 13-40-104 (1) (d), the defendant, at the time of the filing thereof, shall deposit with the court the amount of rent found due and specified in such judgment. Unless such deposit is made, the appeal is not perfected, and proceedings upon such judgment shall thereupon be had accordingly. If the appeal is perfected, the court shall transmit such deposit to the clerk of the appellate court, with the papers in such case; and the appellant thereafter, at the time when the rents become due as specified in the judgment appealed from and as often as the same become due, shall deposit the amount thereof with the clerk of such appellate court. In case the appellant, at any time during the pendency of such appeal and before final judgment therein, neglects or fails to make any deposit of rent, falling due at the time specified in the judgment appealed from, the court in which such appeal is pending, upon such fact being made to appear and upon

## Exhibit 4

motion of the appellee, shall affirm the judgment appealed from with costs; and proceedings thereupon shall be had as in like cases determined upon the merits.

**Source: L. 1885:** p. 229, 18. **R.S. 08:** 2618. **C.L.** 6384. **CSA:** C. 70, 19. **CRS 53:** 58-1-19. **C.R.S. 1963:** 58-1-19. **L. 64:** p. 471, 5. **L. 84:** Entire section amended, p. 467, 2, effective July 1.

### ANNOTATION

**This section, which relates to appeals of judgments for possession in cases involving the nonpayment of rent,** states that an appeal shall not be deemed taken and perfected unless a deposit of rentals be made in the justice of the peace court. It further provides that during the pendency of the action in the county court on appeal, further deposits of rent be made in the county court. General Am. Indus., Inc. v. County Court, 136 Colo. 86, 316 P.2d 565 (1957).

**Rent owed is not included in general damages under 13-40-117.** Since this section requires a deposit of rent in nonpayment of rent cases, rentals were excluded as items of damage recoverable under the provision requiring an undertaking to cover damages which had accrued or would accrue. General Am. Indus., Inc. v. County Court, 136 Colo. 86, 316 P.2d 565 (1957).

**Appeals must be perfected in strict compliance with statutes.** Appeals are creatures of statute, and a party desiring to avail himself of the right must comply with its terms, and unless he does so, and the appeal is perfected in strict compliance therewith, the appellate court has no power to make any order other than the order of dismissal. Erbaugh v. Fields, 77 Colo. 254, 235 P. 568 (1925).

**This provision does not apply where land is rented for share of products from livestock.** Routen v. J. & O. Ranch Co., 91 Colo. 53, 11 P.2d 566 (1932).

**Applied in** Francam Bldg. Corp. v. Fail, 687 P.2d 991 (Colo. App. 1984).

### 13-40-119. Rules of practice.

In all actions brought under any provision of this article in any court, the proceedings shall be governed by the rules of practice and the provisions of law concerning civil actions in such court, except as may be otherwise provided in this article.

**Source: L. 1885:** p. 230, 20. **R.S. 08:** 2620. **C.L.** 6386. **CSA:** C. 70, 21. **CRS 53:** 58-1-21. **L. 61:** p. 394, 8. **C.R.S. 1963:** 58-1-21.

### ANNOTATION

**Allegations must be supported by proof.** The rule which requires that the proof shall support the allegation is as applicable to the action of unlawful detainer as to any other. Klopfer v. Keller, 1 Colo. 410 (1871).

**Misjoinder of causes of action must be demurred to in trial court.** Objections on the ground that several causes of action have been improperly united, as well as on the ground of misjoinder of parties, must be taken by demurrer or otherwise in the trial court, or they are to be deemed waived. This rule is as applicable to actions for forcible entry and detainer as to other civil actions. Farncomb v. Stern, 18 Colo. 279, 32 P. 612 (1893).

**Evidence tending to disprove the facts stated in the complaint is admissible** on the part of the defendant, although such evidence might also tend to prove another case upon which the plaintiff might, if he had so declared, maintain his action. Klopfer v. Keller, 1 Colo. 410 (1871).

**Defendant may show he entered premises as purchaser and not as tenant.** In an action of unlawful detainer against a tenant holding over, for the purpose of disproving the tenancy, the defendant may show that he

## Exhibit 4

entered as a purchaser and not as a tenant, and this whether the agreement to purchase was good or bad. Klopfer v. Keller, 1 Colo. 410 (1871).

**A directed verdict may be given.** Where, in an action for unlawful detainer, there was no evidence which should have gone to the jury, nor any matter presented for the jury's determination which would deprive the landlord of his right of reentry and possession under the terms of a written lease, the court properly directed a verdict for plaintiff. Mageon v. Alkire, 41 Colo. 338, 92 P. 720 (1907).

### 13-40-120. Appellate review.

Appellate review of the judgment of the district courts of this state, in proceedings under this article, is allowed as provided by law and the Colorado appellate rules. In cases of appeal from judgments founded upon causes of action embraced in section 13-40-104 (1) (d), the deposit of rent money during pendency of appeal shall be made, or judgment of affirmance shall be entered, in the manner provided in section 13-40-118.

**Source: L. 1885:** p. 230, 22. **L. 1891:** p. 228, 1. **R.S. 08:** 2622. **C.L.** 6388. **CSA:** C. 70, 23. **CRS 53:** 58-1-23. **C.R.S. 1963:** 58-1-22. **L. 64:** p. 472, 6. **L. 84:** Entire section amended, p. 467, 3, effective July 1. **L. 85:** Entire section amended, p. 571, 9, effective November 14, 1986.

#### ANNOTATION

**Under this section the unsuccessful party may come to the supreme court on appeal or by writ of error.** Kilker v. Herrington, 77 Colo. 581, 238 P. 41 (1925).

**Right of appeal is subject to general law regulating appeals.** The right of appeal under this statute was held subject to the conditions prescribed by the code of civil procedure, or other general law regulating appeals to the supreme court, and other additional conditions, as provided in this section. Crane v. Farmer, 14 Colo. 294, 23 P. 455 (1900); Brennan Mercantile Co. v. Vickers, 31 Colo. 323, 73 P. 45 (1903).

**Strict compliance with the statutory requirements is mandated.** Morgan v. District Court, 192 Colo. 418, 559 P.2d 712 (1977).

**Act abolishing appeals does not apply to unlawful detainer proceedings.** The act "in relation to appeals and writs of error" found in the former code of civil procedure, abolishing appeals, did not apply to, amend, or repeal the detainer act, or other statutes creating special proceedings. Hewitt v. Landis, 75 Colo. 277, 225 P. 842 (1924).

**Applied** in Maxwell v. District Court, 641 P.2d 931 (Colo. 1982); Francam Bldg. Corp. v. Fail, 687 P.2d 991 (Colo. App. 1984).

### 13-40-121. When deposit of rent is paid.

The rent money deposited, as provided for in this article, shall be paid to the landlord entitled thereto, upon the order of the court wherein the same is deposited and at such time and in such manner as the court determines necessary to protect the rights of the parties.

**Source: L. 1885:** p. 231, 23. **R.S. 08:** 2623. **C.L.** 6389. **CSA:** C. 70, 24. **CRS 53:** 58-1-24. **C.R.S. 1963:** 58-1-23.

### 13-40-122. Writ of restitution after judgment.

## Exhibit 4

(1) No writ of restitution shall issue upon any judgment entered in any action under the provisions of this article out of any court until after the expiration of forty-eight hours from the time of the entry of such judgment; and such writs shall be executed by the officer having the same only in the daytime and between sunrise and sunset. Any writ of restitution governed by this section may be executed by the county sheriff's office in which the property is located by a sheriff, undersheriff, or deputy sheriff, as described in section 16-2.5-103 (1) or (2), C.R.S., while off duty or on duty at rates charged by the employing sheriff's office in accordance with section 30-1-104 (1) (gg), C.R.S.

(2) The officer that executes a writ of restitution under subsection (1) of this section and the law enforcement agency that employs such officer shall be immune from civil liability for any damage to a tenant's personal property that was removed from the premises during the execution of the writ. A landlord who complies with the lawful directions of the officer executing a writ of restitution shall be immune from civil and criminal liability for any act or omission related to a tenant's personal property that was removed from the premises during or after the execution of a writ of restitution.

(3) A landlord has no duty to store or maintain a tenant's personal property that is removed from the premises during or after the execution of a writ of restitution. Regardless of whether a landlord elects to store or maintain the personal property so removed, the landlord shall have no duty to inventory the personal property or to determine ownership of or the condition of the personal property. Such storage shall not create either an implied or express bailment of the personal property, and the landlord shall be immune from liability for any loss or damage to the personal property.

(4) A landlord who elects to store a tenant's personal property that was removed from the premises during or after the execution of a writ of restitution may charge the tenant the reasonable costs of storing the personal property. To recover such costs, the landlord may either dispose of the personal property under any lien rights the landlord has under part 1 of article 20 of title 38, C.R.S., or the landlord may allow the tenant to recover the personal property after paying the reasonable storage charges incurred by the landlord.

**Source: L. 1885:** p. 231, 24. **R.S. 08:** 2624. **C.L.** 6390. **CSA:** C. 70, 25. **CRS 53:** 58-1-25. **C.R.S. 1963:** 58-1-24. **L. 64:** p. 472, 7. **L. 98:** Entire section amended, p. 630, 1, effective August 5. **L. 2004:** (1) amended, p. 510, 1, effective August 4.

### ANNOTATION

**Section limits time of enforcement of judgment, not judgment itself.** The provision of this section that upon judgment for the plaintiff in wrongful detainer no writ of restitution shall issue until the expiration of 48 hours from its entry does not import that judgment may not be given for immediate possession. Its only effect is to stay the enforcement of the judgment for the period specified. Dulmaine v. Reed Bldg. Co., 46 Colo. 469, 104 P. 1038 (1909).

**Sheriff subject to minimum standard of care.** In carrying out his statutory duties, an officer or sheriff is subject to a minimum standard of care. Christensen v. Hoover, 643 P.2d 525 (Colo. 1982).

**Duty to remove tenant and property.** It is the officer's duty not only to remove the tenant, but also to remove the tenant's personal property and effects from the premises. Christensen v. Hoover, 643 P.2d 525 (Colo. 1982).

## Exhibit 4

**No duty to safeguard property following eviction.** The sheriff has no duty to safeguard the tenant's possessions after a lawful eviction has occurred, even though he knows the tenant's belongings might be taken if they are left unattended. Christensen v. Hoover, 643 P.2d 525 (Colo. 1982).

**For landlord's liability for damage to tenant's property during removal from premises,** see Christensen v. Hoover, 643 P.2d 525 (Colo. 1982).

### 13-40-123. Damages.

The prevailing party in any action brought under the provisions of this article is entitled to recover damages, reasonable attorney fees, and costs of suit; except that a residential landlord or tenant who is a prevailing party shall not be entitled to recover reasonable attorney fees unless the residential rental agreement between the parties contains a provision for either party to obtain attorney fees. Nothing in this section shall be construed to permit the entry of judgments in any single proceeding in excess of the jurisdictional limit of said court.

**Source: L. 1885:** p. 231, 25. **R.S. 08:** 2625. **C.L.** 6391. **CSA:** C. 70, 26. **CRS 53:** 58-1-26. **L. 61:** p. 394, 9. **C.R.S. 1963:** 58-1-25. **L. 84:** Entire section amended, p. 467, 4, effective July 1. **L. 2008:** Entire section amended, p. 1819, 2, effective September 1.

**Cross references:** For assessment for expense and inconvenience in litigation, see C.R.C.P. 3(a); for awarding of attorney fees in civil actions generally, see 13-17-102.

### ANNOTATION

**Former provisions violated constitutional rights.** Provisions of this section prior to the 1984 amendment, by imposing a pecuniary penalty on defendants for the benefit of prevailing plaintiffs without granting defendants a corresponding right, violated the defendants' fourteenth amendment right to the equal protection of law and was contrary to art. II, 6, Colo. Const. More v. Johnson, 193 Colo. 489, 568 P.2d 437 (1977).

**In a case involving multiple issues, the prevailing party for purposes of this section is the party adjudged to have the right to possession.** Integra Fin. Inc. v. Grynberg Petroleum Co., 74 P.3d 347 (Colo. App. 2002).

**The definition of "action" for purposes of this section excludes claims and counterclaims relating to nonpossessory issues.** Integra Fin. Inc. v. Grynberg Petroleum Co., 74 P.3d 347 (Colo. App. 2002).

**Damages are recoverable where lessee retains land after termination of the lease.** Where possession of leased property is wrongfully retained by the lessee after termination of the lease, damages are recoverable against him. Strauss v. Boatright, 160 Colo. 581, 418 P.2d 878 (1966).

**It seems to be well settled that the measure of such damages is the reasonable rental value** for the time that possession was wrongfully withheld. Strauss v. Boatright, 160 Colo. 581, 418 P.2d 878 (1966).

**Allowance of attorney's fees as part of judgment where not pursuant to contract expressed or implied.** Gulf, Colo. and Santa Fe v. Ellis, 165 U.S. 150, 17 S. Ct. 255, 41 L. Ed. 666 (1897); Los Angeles Gold Mining Co. v. Campbell, 13 Colo. App. 1, 56 P. 246 (1899); Davidson v. Jennings, 27 Colo. 187, 60 P. 354 (1900); Pacific Mut. Life Insurance Co. v. Van Fleet, 47 Colo. 401, 107 P. 1087 (1909); Commodore Mining Co. v. People, 82 Colo. 77, 257 P. 259 (1927); Denver Bldg. and Construction Trade Council v. Henry Shore, 132 Colo. 187, 287 P.2d 267 (1955).

**This section provides for an award of attorney fees** as damages for injury sustained during time landlord is deprived of possession of property. Allmer v. Andrews, 153 Colo. 487, 386 P.2d 705 (1963).

**Exhibit 4**

**In a separate or supplemental proceeding.** This section provides for such an award of attorney fees to be determined either in a separate action or in supplemental proceedings in the principal action and are in the nature of damages for injury sustained during the time he shall have been deprived of possession of the premises. Allmer v. Andrews, 153 Colo. 487, 386 P.2d 705 (1963).

**Claims that do not bear on the right to possession are not part of a forcible entry and detainer action for purposes of awarding attorney fees.** Schuler v. Oldervik, 143 P.3d 1197 (Colo. App. 2006).

**It is proper, however, to award attorney fees concerning an ownership claim if it is necessary for the court to determine ownership of the property prior to making a determination regarding possession.** Schuler v. Oldervik, 143 P.3d 1197 (Colo. App. 2006).

**The amount of damages a prevailing plaintiff may recover in an F.E.D. action** is the reasonable rental value of the premises during the time the other party continued an unlawful detainer. Behr v. Burge, 940 P.2d 1084 (Colo. App. 1996).

**Where property was sold at a tax sale,** the court erroneously awarded damages to plaintiffs for the rental value of property from the time the tax lien was recorded until dispossession of defendants since those damages could not begin to accrue at least until the execution and delivery of the director's deed. Behr v. Burge, 940 P.2d 1084 (Colo. App. 1996).

**When this section is read with 13-40-115, it is clear that the award of attorney fees in a forcible entry and detainer action is in the nature of compensatory damages.** Thus, any prevailing party in a forcible entry and detainer action is entitled to attorney fees, and the trial court erred in refusing to award them. Wilcox v. Clark, 42 P.3d 29 (Colo. App. 2001).

**Applied** in Torres v. Portillos, 638 P.2d 274 (Colo. 1981).

### 13-40-124. Qualified farm owner-tenant defined. (Repealed)

**Source: L. 86:** Entire section added, p. 436, 8, effective April 18. **L. 87:** (1)(f)(I), (1)(g), (3), and (4) amended and (1)(j) and (5) added, p. 1357, 7, 8, effective July 1; (1)(i) amended, p. 1577, 17, effective July 10.

**Editor's note:** Subsection (4) provided for the repeal of subsections (1) to (4), effective January 31, 1989. (See L. 87, p. 1357.) Subsection (5)(b) provided for the repeal of subsection (5), effective July 1, 1991. (See L. 87, p. 1357.)

### 13-40-125. Rights of qualified farm owner-tenant. (Repealed)

**Source: L. 86:** Entire section added, p. 437, 8, effective April 18. **L. 87:** (1) to (4) amended and (3.5) and (5) added, p. 1358, 9, 10.

**Editor's note:** Subsection (4) provided for the repeal of subsections (1) to (4), effective January 31, 1989. (See L. 87, p. 1358.) Subsection (5)(b) provided for the repeal of subsection (5), effective July 1, 1991. (See L. 87, p. 1358.)

### 13-40-125.5. Possession pursuant to agreement - enforcement. (Repealed)

**Source: L. 87:** Entire section added, p. 1360, 11, effective July 1.

**Editor's note:** Subsection (4) provided for the repeal of this section, effective January 31, 1989. (See L. 87, p. 1360.)

**Exhibit 4**

**13-40-126. Priority of proceedings. (Repealed)**

 **Source: L. 86:** Entire section added, p. 438, 9, effective April 18. **L. 87:** Entire section amended, p. 1361, 12, effective July 1.

 **Editor's note:** Subsection (2) provided for the repeal of this section, effective January 31, 1989. (See L. 87, p. 1361.)

# Exhibit 5

1968 Jeep Wagoneer

1978 Jeep Wagoneer

1977 Jeep Wagoneer

2004 Chevy HD 3500

1995 Porsche Carrera 2 RS America

1971 Porsche 911E

1964 Triumph TR-4

2004 VW Jetta

Hyster Rough-Terrain Forklift

Double Axle construction 6'x12' trailer

130-gallon water tank and trailer

2-ton Lift

36" Table saw

12" compound miter saw

8" compound miter saw

220 MIG welder

40-48" pipe clamps

13" Wood Planner

Wolfcraft Router Table

Environmental Stone 4000 sq/feet

12-Douglas Fir Glu-Lams 6"x12"x12'

14-Douglas fir Beams 6"x12"x14'

2500-2"x4"x10'

300-5/4x6"x16' Trex deck boards

30-16',14',12' CVG Cedar 2"x4"

42"x96" Thermaguard entry door-Frank Lloyd Wright wheat pattern

16-42'x96" Pella Storm Door

Kwikset Entry Door Kit

8-36"x96" Douglas Fir CVG single lite low-e doors

8-32"x96" Douglas Fir CVG single lite low-e doors

4-36"x96" Pella storm doors

2-VestFrost commercial stainless-steel refrigerator/freezer

Kitchen Aid Convection Microwave

2-Bosch Ascenta Dishwashers

3 complete Lowes aluminum patio sets

2 IKEA patio table sets

120-2"x6"x10' Pine

Steel I-beam 12"x6"x20'

48-sheets 4"x4'x9' polyisocyanurate foil faced

180 sheets 4"x4'x8' polyisocyanurate 5/8" OSB faced

40-rolls copper flashing 10"x20'

20-Gourmet Select Cabinet Solutions chrome sliding tray

ATC/38 Bottle Wine Cooler Dual temp/dual compartment

Franklin Chef Ice Maker Undercounter / stainless steel

2-Jenn-Air Dual Fuel Convection Oven Stainless steel/downdraft

12-Kichler Wall Mount Exterior Light
2-Fantech 150 ventilation fan

2-Fantech 125 ventilation fan

2-Delta Shower Faucet system, brushed stainless steel

2-Miramar 60" Ceiling Fan/light

Altura 68" Ceiling Fan

2-Velux VCM 2234 Skylight Tempered/laminated glass

512-Tecdo Porcellanato Wall Tile 30x30 stone finish

14-Jeld-Wen Double Hung Windows Wood-low-e/aluminum clad

6-Grainite Slabs Bullnose Edge White 30"x100x'

4-Grainite Vessel Sink

Kitchen Sink 27"x36" Ceramic White

2-Kitchen Island Pedestals 22"x22"x44"

2-Pella Proline Casement Window 36"x72" wood aluminum clad

2-Pella Proline Casement Window 36"x36" wood aluminum clad

8-Milguard Triangular Windows 60"x60"x87" low-e tempered

Construction materials for 4 garage doors

Hobie Catamaran / 2 masts

Hasselblad H1 w/ 50-110 mm auto focus lens

Phase-One Medium format digital camera back

Hasselblad 500 C w/ 80mmm, 50mm, Standard camera back

Hasselblad medium format polaroid back

Toyo View Camera 4x5 w 90mm lens

Toyo View Camera 4x5 w 210mm lens

Olympus E-510 35mm digital camera w/ 14-50, 50-110 mm lens

Nikon Nikonos w/55mm lens

Nikon FM2 35mm camera w/ 28mm PC lens, 35mm PC lens

Burk & James Obitar 4x5 camera w/65mm lens

Phase-One scan backs 4x5

Light maker HMI ballast

Pro Photo daylight HMI light head

Pro Photo daylight HMI light head

Pro Photo daylight HMI light head

Pro Photo daylight HMI light head

Lowel Pro lighting systems with barn doors and snoot reflectors

Novatron Electronic flash systems w/ barn doors and snoot reflectors

Miscellaneous light stands and lighting systems tools

Apple work stations

Apple laptops

Intel PC's

20" computer monitors

24" Computer monitor

AGFA Arcus film scanner

Linotronic 500 imagesetter

Linotronic 200 imagesetter

linotronic 36" film processor

NuArc 26-1KS

Ryobi 500NX Printing Press

6 Station Book Perfect Binder

PhaseOne 4x5 Scan Back

PhaseOne 4x5 Scan Back

PhaseOne 4x5 Scan Back

PhaseOne 4x5 Scan Back







**AAA**



**B**



BB



BBB







CCC





**DD**









EE



**F**



# FFF





GG



GGG



H









II



**III**







**JJJ**





Hampton Bay
Transitional Collection

## Miramar
## 60" Ceiling Fan
with Remote Control

Dimmable Amber Alabaster Glass Uplight and Downlight

Decorative Acorn Downrod Design

Weathered Bronze Finish

5 Reversible Blades (Light Walnut/Cherry)

Uplight Uses 4 Type G Bulbs, 15 Watt Max (Included)

Downlight Uses 1 E-17 Intermediate Base Bulb, 50 Watt Max (Included)

KK



**KKK**



L





LLL



M









**NN**



NNN









Add more style to your home!

**R**

# TCHEN FAUCET

- ...ern pull-down spout with stylish curves
- ...usts from aerated flow to powerful spray
- ...(152 cm) stainless steel hose
- ...venient soap dispenser
- ...ching off-set curved single lever handle
- ...amic disc cartridge
- ...shed chrome finish
- ...1, 2 or 4 hole sinks with optional 10" (25.4 cm)
- ...k plate installation

**...y to Install - Lifetime Warranty**

**P**

Made in China/Fabriqué en Chine



PP





QQ





RR



S





T



TT





UU





**VV**











**Y**





Z



To: Clerk of Court

After reception of complaint and recording please call 720-589-3160 so that I can arrange payment via CC to your office.

Thanks,

Kirk McDonald

