IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-00427-PAB-NRN

REED K. MCDONALD,

Plaintiff,

v.

CITIBANK N.A. and
SHANA KLOEK, in her individual and professional capacity as Clerk
of Court for Arapahoe County, Colorado,

Defendants.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Plaintiff's Motion to Restrict Duties of Magistrate or Alternatively Voluntary Recusal (Dkt. #42). Chief Judge Philip A. Brimmer denied Plaintiff's invitation to "restrict" my duties, but referred the portion of the motion which requests that I recuse myself (Dkt. #53).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (internal quotation marks omitted).

The standard is completely objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir.1986).

As grounds for his motion for recusal, Plaintiff states that I have "shown [myself] to be prejudice [sic] against pro se parties; more specifically, this pro se party." This accusation stems from an earlier case, *McDonald v. Eagle County, et al.*, Case No. 18-cv-00105-CMA-NRN (D. Colo.), in which I recommended dismissal of Plaintiff's claims against Eagle County, Colorado and Bellco Credit Union. Plaintiff claims that this was "an untidy and incomplete [sic] researched decision" that was reached "with intent to harm this pro se party." Notwithstanding the fact that Judge Christine M. Arguello adopted the recommendation, *see id.* at Dkt. #81, the Tenth Circuit affirmed the dismissal, *see McDonald v. Eagle Cty.,* 807 F. App'x 786, 791 (10th Cir. 2020) (unpublished), and the United States Supreme Court denied Plaintiff's petition for writ of certiorari, *see McDonald v. Eagle Cty., Colo.,* 141 S. Ct. 1127 (2021), the mere fact that I ruled against Plaintiff in past is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Smith v. Figa & Burns*, 69 F. App'x 922, 924 (10th Cir. 2003) (unpublished) ("[Plaintiff's] characterization of adverse rulings as evidence of the judge's impartiality is insufficient to establish bias."); *Winslow v. Lehr*, 641 F. Supp. 1237, 1241 (D. Colo. 1986) ("[T]he fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice."). The same is true regarding Plaintiff's

contention that I have granted Defendants "unwarranted and unneeded" extensions of time. Moreover, "baseless personal attacks on . . . the judge by a party do not mandate recusal in a case in which the judge is not a party." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (per curiam). Finally, I note, as Chief Judge Brimmer did, that if Plaintiff disagrees with any of my rulings, he may object pursuant to Fed. R. Civ. P. 72.

Accordingly, it is hereby **ORDERED** that the portion of Plaintiff's Motion to Restrict Duties of Magistrate or Alternatively Voluntary Recusal (Dkt. #42) that requests I voluntarily recuse is **DENIED**.

Date: May 5, 2021

N. Reid Neureiter
United States Magistrate Judge