IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00427-PAB-NRN

REED K. MCDONALD,

      Plaintiff,

v.

CITIBANK N.A., and
SHANA KLOEK, in her individual and professional capacity as Clerk of Court for Arapahoe County, Colorado,

      Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Objection to Unconstitutional Act of Magistrate Judge [Docket No. 82]. Plaintiff makes a number of general complaints about how Magistrate Judge N. Reid Neureiter, the assigned magistrate judge, has handled this case. *Id.* at 1-3. He alleges that the magistrate judge erred in approving and then later denying plaintiff's motion to file a surreply. *Id.* at 1-2. He further contends that the magistrate judge barred him from submitting motions for summary judgment against defendants. *Id.* at 2. Finally, plaintiff argues that the magistrate judge improperly limited plaintiff's opportunity to testify at a hearing held on June 16, 2021. *Id.*

In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A magistrate judge's order on a non-dispositive motion can be modified or set aside by the district judge if found to be clearly erroneous or contrary to law. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511,

1519 (10th Cir. 1995). Therefore, the Court must "affirm unless it '. . . is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff first contends that the magistrate judge was wrong in denying, despite initially approving, plaintiff's motion to file a surreply. Docket No. 82 at 1-2. On June 8, 2021, plaintiff file a motion for leave to file a surreply to the reply of defendant Citibank, N.A. ("Citibank") in support of its motion to dismiss. Docket No. 70. On June 11, 2021, Judge Neureiter granted the motion. Docket No. 72. On June 15, 2021, plaintiff filed a motion to file a surreply to the reply of defendant Shana Kloek in support of her motion to dismiss. Docket No. 77. On June 16, Judge Neureiter held a hearing where he denied the motion because "[p]laintiff can provide any response he would have provided in the Surreply during oral argument." Docket No. 81 at 2. Because the magistrate judge afforded plaintiff the opportunity to make his arguments, the Court finds no clear error and will overrule the objection.[1]

Plaintiff also asserts that the magistrate judge erred in barring him from submitting motions for summary judgment. Docket No. 82 at 2. However, Judge

---

[1] The Court notes that surreplies are discretionary and require leave of the Court. *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.B.2 ("No surreply or supplemental briefs shall be filed without leave of Court."). Plaintiff cites *Lee v. Univ. of Colo.*, No. 06-cv-02417-EWN-BNB, 2008 U.S. Dist. LEXIS 1313 (D. Colo. Jan. 8, 2008), for the proposition that he must be afforded a surreply. *See* Docket No. 82 at 2. "Rule 56(c) requires that if the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Lee*, 2008 U.S. Dist. LEXIS 1313, at *35 n.7 (internal quotation marks omitted). However, the magistrate judge afforded plaintiff an opportunity to respond to the alleged new materials at oral argument.

Neureiter merely stayed briefing on plaintiff's pending motions for summary judgment. Docket No. 81 at 2. Both defendants have filed motions to dismiss, which the magistrate judge issued a written recommendation granting. See Docket No. 86. It is well established that "courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Here, the magistrate judge has exercised his discretion as to the timing of when motions for summary judgment are to be filed, which does not constitute a mistake or error. Accordingly, the Court will overrule plaintiff's objection.

Plaintiff's final objection is that the magistrate judge did not allow plaintiff adequate time to present his arguments at the June 16, 2021 hearing. See Docket No. 82 at 2-3. As noted above, management of the courtroom is part of a judge's inherent authority. *See Dietz*, 136 S. Ct. at 1892. Therefore, the Court finds no clear error and will overrule plaintiff's objection.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection to Unconstitutional Act of Magistrate Judge [Docket No. 82] is **OVERRULED**.

DATED August 18, 2021.

                        BY THE COURT:

                        PHILIP A. BRIMMER
                        Chief United States District Judge